JOHN F. CRONIN *vs.* FITCHBURG AND LEOMINSTER STREET
RAILWAY COMPANY.

Suffolk.   March 6, 1902. — April 2, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

*Evidence*, Expert.

An expert may be examined as to statements made to him by a plaintiff in regard
to his sufferings caused by the injury for which he sues, as being the grounds
and reasons on which the expert formed his opinion, although otherwise the
evidence would be excluded as hearsay and as self serving statements made by
a party to a suit.

TORT for injuries alleged to have been caused by a collision
of an electric car of the defendant with a wagon in which the
plaintiff was driving, on September 27, 1898.   Writ dated June
12, 1899.

At the trial in the Superior Court before *Bond*, J., Dr. Frank
C. Richardson of Boston was called as a witness by the plaintiff
and qualified as an expert who had made a specialty of nervous
diseases.   He testified in regard to an examination of the plain-
tiff made by him on May 18, 1901, as follows: " I obtained from
him his statement of his sufferings at the time of his accident."
Against the objection of the defendant, he further testified in
regard to that examination as follows: " He complained of suf-
fering considerable pain in the right leg, of backache on slight
exertion, severe pain in the left side of the head, muscular
weakness; that he tired easily; that his sleep was restless and
troubled; that he could not sleep more than two hours at a time
during a night; that he was nervous, excitable, emotional, easily
startled; that he could not concentrate his mind on anything for
more than a few minutes ; that he had periods of tremor of the
whole body, muscular twitchings and mild hysterical attacks."

The witness further testified in regard to an examination
made by him upon October 28, 1901, as follows, the defendant
objecting: " I examined him at my office in the presence of Dr.
Goray last evening; he stated that he could see no change in
his suffering from last spring ; that he still had pain in his head,

pain in his leg; that the pain in his leg had largely given way to numbness; that he had not attempted to work because even ordinary exertion, as in work about the house, tires him; that his sleep is restless and troubled; that he cannot concentrate his mind any better than last spring; that he still has attacks of trembling and muscular twitching."

The foregoing evidence was given in direct examination, and to the admission of all of it the defendant excepted. The witness afterwards gave his opinion as to the physical condition of the plaintiff.

On cross-examination the witness testified in part that he had made two, and only two, examinations of the plaintiff; that both of these examinations were made at the request of the plaintiff's counsel, for the purpose of testifying for the plaintiff in this case; that the only other time when the plaintiff came under his professional observation was when the witness was present in May, 1901, in the court house, when Dr. Thompson made an examination for the defendant, while the first trial was in progress; that the witness had never been the physician of the plaintiff, and had never prescribed for him in any way, nor given him professional advice, nor had been asked to do so.

It appeared from the docket record, that the first trial of this case in the Superior Court was on May 20, 1901, and the second trial on October 28, 1901.

The jury returned a verdict for the plaintiff in the sum of $6,733; and the defendant alleged exceptions.

*C. F. Barker, W. P. Hall & W. Wells,* for the defendant.

*J. E. Cotter,* for the plaintiff.

BARKER, J. It is plain that the statement by a party to a cause of his bodily and nervous symptoms made long after the occurrence of the accident to which he attributes them and for purposes connected with the preparation for trial of a suit in which his condition of health is material, and not made to a physician for the purpose of obtaining advice or treatment are not admissible in evidence in his own favor as proof of the truth of the matters stated.

It is equally plain that every person admitted as an expert to testify to his opinion may state in his testimony the grounds and reasons for that opinion, and that the party calling the expert

may put in evidence those grounds and reasons in the direct examination of the expert, and before calling upon him to give his opinion to the jury.

The statement of these rules as to the examination of witnesses called as experts, made by Chief Justice Bigelow in *Barber* v. *Merriam*, 11 Allen, 322, 324, has since the decision of that case been considered as law in this Commonwealth and has governed trials. So well established is this doctrine that the expert, upon direct examination and before giving his opinion in evidence, may testify to the matters which form the grounds and reasons of that opinion that in *Koplan* v. *Boston Gas Light Co.* 177 Mass. 15, 21, this court overruled without discussion an exception to testimony so given and which save as showing the grounds of the opinion about to be given by the witness would have been inadmissible.

In the present case there is no doubt that the statements of the plaintiff were hearsay, and of that particularly dangerous and objectionable type, declarations of an interested party, made after suit brought and for the very purpose of preparing evidence to be used in his own favor at the trial. But no such rule applies to them as that which excludes private conversations between husband and wife, or communications between attorney and client. They may be admitted in evidence if offered by the adverse party either as admissions, or as contradictions of the testimony of the person who makes them. It follows that they may be admitted as the grounds and reasons of an opinion given in evidence or to be so given by an expert.

Being admissible for that purpose the exception to their admission was not well taken.

*Exceptions overruled.*