CHARLES GRISER v. ALFRED SCHOENBORN.[1]

December 17, 1909.

Nos. 16,341—(52).

**Exemplary Damages — Evidence of Plaintiff's Pecuniary Condition Inadmissible.**

In an action because of personal injury, even where exemplary damages may be awarded, testimony as to plaintiff's pecuniary condition should not be allowed.

[1]Reported in 123 N. W. 823.

Action in the district court for Wilkin county to recover $10,000 damages for malicious assault and battery. The answer was a general denial. The case was tried before Flaherty, J., and a jury which rendered a verdict in favor of plaintiff for $1,000. From an order denying defendant's motion for a new trial, he appealed. Reversed.

*Lewis E. Jones,* for appellant.

*H. G. Wyvell* and *Purcell & Divet,* for respondent.

O'BRIEN, J.

Plaintiff had a verdict because of personal injuries inflicted upon him by defendant. The complaint charged a wilful and malicious assault, and the court properly instructed the jury that exemplary damages might be awarded. Upon the trial the plaintiff was permitted, over objection, to testify: "Q. Have you any means of support, excepting that which you acquire by your labor?   *   *   * A. No, sir."

Where the act causing the injury entitles a party to exemplary damages, there is allowed a sum, in addition to compensatory damages, as punishment to defendant and as an example to others. Before any such damages are allowed, the amount necessary to fully compensate the plaintiff must be determined, and in arriving at that amount the plaintiff's pecuniary condition could not be taken into consideration, although it would be incidentally shown by evidence as to his occupation, age, and earning capacity before and after the injury. Dahlberg v. Minneapolis Street Ry. Co., 32 Minn. 404, 21 N. W. 545, 50 Am. Rep. 585; Van Dusen v. Letellier, 78 Mich. 492, 44 N. W. 572. Whatever may be said as to the propriety of showing the financial standing of the defendant in case punitive damages may be assessed against him, the wealth or poverty of the plaintiff cannot be the measure of the punishment to be inflicted.

Counsel have cited some authorities to the contrary. Perhaps the principal and most often referred-to case is Beck v. Dowell, 111 Mo. 506, 20 S. W. 209, 33 Am. St. 547. We cannot accept the reasoning of those decisions, and while, so far as we know, this exact question has never been before this court, one very similar was considered in Kelly v. Rogers, 21 Minn. 146, and decided in accordance with our

present views. We hold, therefore, it was prejudicial error to admit the testimony.

Aside from this we find no error in the record.

Order reversed.