No. 27,372.

ANNA A. HARDING, *Appellee*, v. LEWIS E. HENDERSON, Sheriff of Hamilton County, and THE FIRST NATIONAL BANK OF SYRACUSE, *Appellants*.

SYLLABUS BY THE COURT.

1. TROVER AND CONVERSION—*Evidence—Value of Converted Cattle—Qualified Witness.* On the trial of an issue as to the value of a herd. of cattle, a witness who had been engaged in the cattle business in the vicinity, raising, buying and selling cattle for fifteen years, who had known the herd of cattle in question eleven or twelve years, had transacted business concerning the cattle with the owner three or four years before the trial, who was familiar with the herd of cattle and had been through the herd a week before the time the value was in question, and who knew their value, was not disqualified to testify as to the value.

2. NEW TRIAL—*Newly Discovered Evidence—Diligence.* It was not error for the court to refuse to grant a new trial because of newly discovered evidence when such evidence was of such a character that it was known, or might have been known, to the party before the trial, and no good reason is offered for not knowing of it, and when it is of a character and pertains to an issue which, in view of the evidence pertaining to that issue, would not be likely to produce a different result.

3. TRIAL—*Misconduct of Counsel.* Alleged misconduct of counsel for the successful party, in his closing argument to the jury, commented on, criticized, but held not to require a reversal.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed . May 7, 1927. Affirmed.

*George Getty,* of Syracuse, *William Easton Hutchison, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellants.

*E. R. Thorpe,* of Lakin, *Edgar Foster* and *Horace J. Foster,* both of Garden City, for the appellee.

---

Appeal and Error, 4 C. J. pp. 957 n. 66, 958 n. 70. Evidence, 22 C. J. pp. 693 n. 99, 695 n. 45, 728 n. 73, 729 n. 74. New Trial, 29 Cyc. pp. 894 n. 22, 901 n. 59; 20 R. C. L. 292. Trial, 38 Cyc. pp. 1267 n. 1, 1486 n. 67, 1487 n. 85, 1507 n. 82, 1509 n. 12; 26 R. C. L. 1021.

The opinion of the court was delivered by

HARVEY, J.: This is an action for conversion of 104 head of cattle, which plaintiff claimed to own, which were levied upon and sold by the defendant sheriff under an execution issued upon a judgment in favor of the defendant bank against the husband of plaintiff. The only issues for trial were whether the plaintiff was the owner of the cattle levied upon, and if so, their value. There was a verdict and judgment for plaintiff, and defendants have appealed.

Appellants contend that disqualified witnesses were permitted to testify as to the value of the cattle. An examination of the record discloses that this contention lacks merit. Frank Harding, a witness for plaintiff, testified he had been in the cattle business for about fifteen years in Hamilton and Kearny counties, that he had known the herd of cattle in question for eleven or twelve years, had had some dealings in reference to the cattle in 1921, that he was familiar with the herd of cattle, and had been through the herd a week before they were taken under execution, and that he knew their value at the time they were taken. We regard this as sufficient preliminary qualification to justify the court in permitting him to give his judgment as to the value of the cattle. A somewhat similar showing was made as to each of the other witnesses whose testimony is complained of. It was for the jury to consider the weight of the testimony of these witnesses in view of their knowledge and experience as disclosed by the record.

Appellants contend that a motion for a new trial should have been granted for newly discovered evidence. This was to the effect that some years prior to the time the cattle were taken the husband of plaintiff had registered with the county clerk, in his own name, a cattle brand, and that the cattle taken were branded in this brand. No good reason appears why this evidence could not have been obtained and produced at the trial. The brand had been of record several years, and the records were open to the public. The brand on the cattle taken could not be concealed, and was certainly a matter which the defendants could have known, and perhaps did know, before the trial. In any event, this evidence would go to the question of the ownership of the cattle. Plaintiff's ownership of the cattle was well established. The evidence disclosed that when she and her husband were married she had filed on government land, which was later proved up, and later took an additional homestead claim, which was proved up in plaintiff's name and owned by her;

Harding v. Henderson.

that the cattle were bought, a few at a time, settled and paid for by her giving a mortgage upon her land. There is a direct conflict in the testimony as to whether plaintiff made the negotiations for these purchases, or whether her husband did, but there can be no dispute, under the evidence, about the cattle being paid for by a mortgage upon the plaintiff's land. So the possibility of there being any change in the result of the trial on the question of ownership by reason of this belated discovery of the brand was so remote that the court was justified in not granting a new trial for that reason.

Appellants contend that a new trial should be granted because of the misconduct of plaintiff's counsel in his closing argument to the jury. This is the only serious question in the case. The case was tried October 6 and 7. The motion for a new trial, filed in due time, was not heard until January 16 following. On January 15 defendant filed two affidavits of the same import, one of which is as follows:

"Ben A. Wood, being first duly sworn on oath says that he resides at the city of Syracuse, and has resided at said place for a period of about forty years; that he is over twenty-one years of age, and that he was present at the trial of the above-entitled case before the jury at the court room in the city of Garden City, Kansas, and heard the address of Edgar Foster, one of the attorneys for the plaintiff, Anna A. Harding, and that said Foster in his address to the jury stated that the First National Bank of Syracuse, Kansas, one of the defendants, had caused the majority of the people in Hamilton county, Kansas, to be bankrupt, and that this was the first time that he had known that said Ben A. Wood was not connected with the First National Bank of Syracuse. That among other things said Foster said that said Ben A. Wood had made a fool of himself in his testimony before the jury, and that by reason of the action of said bank the Lord had neglected to appear around Syracuse, and in consequence the grass was growing in the streets of said city, by reason of lack of rain. Affiant further says that said Foster, among other things in said address to the jury, said that the said First National Bank was surrounded by a gang of crooks; insinuating that the witnesses who had testified in the case on behalf of the defendant had perjured themselves in their testimony. Affiant further says that the defendant's attorney, George Getty, made objection to the court at various times during said address to the churlish remarks made as aforesaid by the said Foster, but the court neglected and refused to pass on said objections and allowed counsel to proceed along the same line as above stated, and that affiant believes that the jury was prejudiced by the statements aforesaid."

Conduct of the kind described in the affidavit cannot be approved. The trial of a lawsuit is a judicial investigation to determine the rights of the parties and should be conducted with the decorum

appropriate to the transaction of important business. A certificate to practice law is not a license to vilify and abuse without just cause or reason. The court, on its own motion, and especially if attention is directed to such conduct, should reprimand counsel indulging therein and admonish the jury not to consider it. There may, however, be some occasion for a part, at least, or all of what was said. The record on that matter is silent. No counter affidavit was filed. The trial judge, however, who tried the case heard and passed upon the motion for a new trial, but aside from the fact that he overruled the motion, there is nothing in the record to indicate what force, if any, he gave to the affidavits. It is possible he did not think they correctly stated what occurred, or if they did correctly state what occurred, that the remarks were largely justified by the evidence in the case or by remarks of defendants' counsel. We are left in the dark as to the view of the trial court upon that. While the affidavit indicates that the attention of the court was called to the matter at the time, defendants were late in putting anything of record concerning the matter. Had the affidavits been prepared and filed at once, when what was said was clear in the minds of the affiants, and of opposing counsel and of the court, the record would have been in better shape. But prepared and filed more than three months later, naturally the statements could only be the best recollection of the affiants as to what was said. The record disclosed that the case had been filed in Hamilton county and had been transferred to Finney county for trial, the change of venue being granted on a showing of plaintiff that she could not have a fair trial in Hamilton county. In the oral argument in this court it was said that matter was commented on by defendants' counsel in the trial and in the argument, and it is suggested that what is said about Hamilton county and the defendant bank in relation to the people of Hamilton county was said in answer to that. But even that matter is not put in the record by a counter affidavit of plaintiff. The record disclosed some reason to criticize the action of defendant bank in this case. It developed that at the time these cattle were levied upon, and before they were moved from the place, the defendant bank knew that the plaintiff claimed the cattle as her own, and the bank gave to the sheriff an indemnifying bond in order to have him go forward with a levy of the execution and sale. The bank could very well have learned, if it did not know, that the cattle were originally purchased by mortgage upon plaintiff's land, that the herd levied upon was the growth of those so purchased, and that the

Harding v. Henderson.

cattle had been kept and raised on plaintiff's land and looked after largely by plaintiff and her daughter. A statement in the affidavit that the speaker insinuated that the witnesses who testified on behalf of the bank had perjured themselves cannot, of course, mean a great deal. There was conflicting testimony in this case. An attorney representing plaintiff could not well argue in support of evidence offered on plaintiff's behalf without "insinuating" that the conflicting testimony offered on behalf of defendants was not worthy of belief. The statement that counsel said, among other things, that a certain witness had made a fool of himself in the testimony, is simply an expression of the speaker's judgment of the effect of the testimony of such witness. That witness had testified directly contrary to the plaintiff, and perhaps some other witnesses in her behalf. Counsel could not well argue the case without expressing some view or comment upon the testimony of the witness. So what is said about that is not seriously objectionable. The statement that the defendant bank had caused a majority of the people in Hamilton county to be bankrupt was perhaps unjustified by anything that occurred in the trial, and appears to be nothing short of uncalled for vilification and abuse, which should not be tolerated. The statement that by reason of the action of the bank the Lord had neglected to appear around Syracuse, and as a consequence the grass was growing in the streets of the city by reason of lack of rain, is evidently a burlesque, so intended, and perhaps so understood. Those things do not assist in the orderly administration of justice, and frequently interfere with or defeat it.

But after all that is said concerning the misconduct complained of, it is difficult to see how it injuriously affected the defendants. Upon the question whether the plaintiff owned the cattle levied upon the evidence seems so complete that no other result could be reached by a new trial. As to the value of the cattle found by the jury, it is clearly supported by the evidence, and viewed by the evidence the value found was not unreasonable. Another jury might find the value to be a little more or a little less than this jury found it. There has been no miscarriage of justice here, and as much as we censure the misconduct of plaintiff's counsel, we are forced to the conclusion that justice would not be subserved by requiring the plaintiff to go through a new trial to recover what seems to be justly due her.

The judgment of the court below is affirmed.

Hopkins, J., not sitting.