No. 28,781.

J. P. Murphy, *Appellee*, v. The Edgar Zinc Company, *Appellant*.

(278 Pac. 764.)

Opinion filed July 6, 1929.

*J. A. Brady,* of Cherryvale, for the appellant; *Chester Stevens,* of Independence, of counsel.

*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The appeal in this case is from a judgment in favor of the plaintiff in a compensation case for $1,639.09 in lump sum and $11.86 per week for total disability until November 1, 1928, and $7.30 per week for partial disability for three years thereafter. The jury made answers to thirteen special questions, which answers were approved by the trial court. There are several assignments of

error, the most of which concern the introduction of evidence and the motion for new trial.

The plaintiff was a metal drawer at the zinc smelter of the defendant company near Cherryvale, Kan., and claims to have accidentally struck his right elbow against a heavy weight which was hanging on the blow-out shield in raising his ladle with a crank, which was for that purpose, while he was molding zinc. The effect of such blow he claims has now developed into a pronounced case of neuritis of the right arm and an affection of the ulnar nerve of that arm, which wholly disables him from performing any kind of manual labor.

Appellant calls attention to what is charged to be misconduct of the attorney for the successful party in the direct examination of the witness Dick and the cross-examination of the witness Harmond. Plaintiff's attorney attempted to show by his own witness, Dick, that shortly after he had testified for plaintiff in one of the two former trials of this case, Harmond, manager for the defendant company, discharged or demoted him. The court promptly and properly sustained the objections to all such questions as soon as made, and thus succeeded in excluding all such evidence. Upon the insistence of attorney for plaintiff, the court said:

"This is a compensation case, trying the question of whether this man was injured in the course of his employment. If I understand, Mr. Brady and Mr. Stevens are hired to do the talking for the company and these other men are hired to do the work. . . . It is wholly immaterial whether they increase or diminish his salary, or hire him. It doesn't hurt this man's arm, or make it any better. That is what we are trying to determine in this case."

In connection with this statement the attorney for plaintiff remarked:

"They are hired to do the hiring of the men and discharging of them too— if they discharge them because they gave testimony in this case."

Any attempt to justify this remark or this line of testimony from the plaintiff's own witness would be in vain. No authorities or precedents are cited by appellee in its support. But without any semblance of approval we think the trial court took care of the situation by his rulings and his appropriate remarks as to the only issues before the court and jury, so that the possible prejudicial effect was, we think, avoided.

"Before a judgment will be reversed for misconduct of counsel of the prevailing party occurring at the trial it must be made to appear that such misconduct prejudiced the rights of the defeated party.

. "Ordinarily where the trial court has directed the jury to disregard the matter and with full knowledge of all the circumstances has approved the verdict and has overruled a motion for a new trial based upon the ground of such misconduct, this court will not reverse the judgment." (*Smith v. Cement Co.*, 86 Kan. 287, syl. ¶¶ 1, 2, 120 Pac. 349. See, also, *Bortnick v. Cudahy Packing Co.*, 119 Kan. 864, 241 Pac. 442; *Harding v. Henderson*, 123 Kan. 533, 255 Pac. 969; *Clark v. Brady*, 126 Kan. 59, 266 Pac. 740.)

In the case of *Hanks v. Cab and Baggage Co.*, 112 Kan. 92, 209 Pac. 977, cited by appellant, the attorney used in his argument to the jury the evidence for other purposes than the limited one for which it had been admitted, and the court held that there was further error in admitting it, even for the limited purpose. In both *Huckell v. McCoy*, 38 Kan. 53, 15 Pac. 870, and *Weaver v. Winchell*, 116 Kan. 296, 226 Pac. 719, cited by appellant, the matters complained of went farther than in this case and the apparent opportunity for prejudice was much greater than in this case.

As to the cross-examination of the witness Harmond, the situation is quite different. Such examination was permissible to affect his credit as a witness, and when the questions went farther than the usual limit for that purpose the court sustained the objections. We find no error in this.

Appellant insists that the expert evidence of the three physicians who testified for the plaintiff as to the nature and extent of the ailment and injury of the plaintiff was incompetent and should have been excluded because it was based partially upon what the plaintiff told them with reference to the history of the case. The proposition as here stated is sound, and numerous cases are cited in support of it. But the fact that the expert physician has heard the plaintiff state the history of the alleged injury and the subsequent suffering and inconveniences will not of itself disqualify such expert unless he relies upon that history and statement instead of that stated in the hypothetical question propounded to him. It is simply a rule against hearsay evidence, as was so well expressed by Justice Mason in *Priest v. Life Insurance Co.*, 116 Kan. 421, 427, 227 Pac. 538, as follows:

"It is based upon the principle that since the physician cannot testify to what the plaintiff told him, he should not be allowed to bring about practically the same effect by giving a conclusion of his own founded upon statements he would not be permitted to repeat."

Reference is then made in the case just cited, as has been made in all subsequent cases on this subject, to the distinction made by

Justice Brewer between the two well-recognized classes of evidence and their relation to each other in the case of *A. T. & S. F. Rld. Co. v. Frazier,* 27 Kan. 463, as follows:

"Where the inquiry is as to the extent of certain alleged personal injuries, a physician may be called as an expert to testify concerning them, giving his opinion based upon a personal examination of the party, as well as upon statements made by such party, as to his *present* condition, feelings and pains, and may also give in evidence such statements.

"But the physician may not testify as to what the party said in respect to the past history of the case, and the cause or duration of the injury; neither can he give an opinion based partially upon his personal examination and partially upon what the party told him in reference to the past history of the case." (Syl. ¶¶ 1, 2.)

A further elucidation of the rule is found in the first paragraph of the syllabus in the case of *George v. Shannon,* 92 Kan. 801, 142 Pac. 967:

"Testimony of a physician, so far as it is expert testimony, may be based upon personal examination or upon the facts proved upon a trial or upon both such examination and proven facts, or, preferably, it may be based upon hypothetical questions."

The record in this case shows that two of the three physicians who were called by the plaintiff were asked a long hypothetical question containing details as to the alleged injury and the pain, suffering and inconvenience thereafter, which details substantially agreed with the testimony of the plaintiff given on the trial. They were also asked to give their opinions as to the permanency of the injury, both from their physical examination of the plaintiff and the statements contained in the hypothetical question. The first one of these physicians upon cross-examination and the second both upon direct and cross-examination stated that the plaintiff had given a full and complete history of the case at the time they had made their respective examinations of him and his physical condition, and each of them stated that the opinion given by him was based partly upon the statement and history given him by the plaintiff. We do not find that either of them afterwards modified or explained this conclusion as to having based his opinion partly upon the history of the case as given him by the plaintiff himself. It needs no argument to show that this makes these experts' opinions incompetent as being based upon hearsay evidence. These physicians could not have repeated or restated to the court and jury these statements made to them by the plaintiff, and any conclusions

based upon what was told them by the plaintiff, or even partly upon such statements, would be equally incompetent. The rules announced in the Frazier case, *supra,* have never been modified or changed, but have frequently been confirmed and strengthened by subsequent decisions, and the admissions of these two physicians that they based their expert opinions partly upon the history of the case, including the injury, make their evidence absolutely incompetent, and all of it should have been withdrawn from the jury. The failure to strike it out after it was shown to have been based partly upon such hearsay evidence was reversible error.

"A physician while testifying as an expert is not permitted to testify to his conclusions as to the permanency of an injury to his patient, based partially upon the history of the injury detailed to him by the patient or other person and partially upon his own examination." (*Betterment Co. v. Reeves,* 73 Kan. 107, syl. ¶ 2, 84 Pac. 560.)

"It is error to permit physicians, testifying as experts, to testify concerning the condition of a person examined by them, and base their opinion partly on the history of the case." (*Smith v. Railroad Co.,* 95 Kan. 451, syl. ¶ 2, 148 Pac. 759. See, also, *Telegraph Co. v. Morris,* 67 Kan. 410, 73 Pac. 108; *Ballard v. Railway Co.,* 95 Kan. 343, 148 Pac. 764; *Hill v. Railroad Co.,* 113 Kan. 489, 215 Pac. 310.)

In two of the cases above cited the judgment was not reversed because the court found there was ample evidence that was not subject to such objection to establish all the facts necessary to support the verdict and judgment. In this case there was testimony by a third physician, who was a resident of another state and gave his deposition, having known the plaintiff ten years and having examined him three times before his deposition was taken. His testimony was not affected as that of the other two physicians. No hypothetical question was asked him, and he was not asked if he based his opinion upon any history of the case. He disclaimed being a nerve specialist and therefore excused himself from answering some of the most important questions as to the probable cause, the extent or the permanency of the injury. This case is therefore not one with ample evidence along this very important line to support the verdict and judgment after excluding that of the other two physicians rendered incompetent and ineffectual by their own statements. This conclusion compels the reversal of the case and the ordering of a new trial, these matters having been presented to the trial court on the motion for a new trial.

It will not be necessary to review the other errors alleged by the

appellant, nor the error as to lump-sum judgment suggested by the appellee by way of cross appeal.

The judgment is reversed and the cause is remanded with instructions to grant a new trial.