Frederick et ux. *v.* Strouse, Appellant.

Argued January 13, 1930.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Howard I. James,* of *Gilkeson & James,* with him *Mark Thatcher,* for appellant.—Negligence is not estab-

lished by proving the injury alone, but it is necessary to trace it to the cause alleged, and this was not done by proving facts which established various causes from which the condition might have arisen: Gausman v. Pearson, 284 Pa. 348; Mudano v. Transit Co., 289 Pa. 51; Veit v. Hinchcliffe, 90 Pa. Superior Ct. 280; McCrosson v. Transit Co., 283 Pa. 492.

The charge was insufficient: Remley v. Plummer, 79 Pa. Superior Ct. 117; Stemons v. Turner, 274 Pa. 228.

*Harry E. Grim,* of *Grim & Grim,* for appellee.—Plaintiff's injuries were a natural whole and they were unbroken. by any other individual facts and the final result was the consequence of the X-ray treatment by defendant without the use of filters: Stemmler v. Pittsburgh, 287 Pa. 365; Gorman v. Charlson, 287 Pa. 414; Kindrell v. Refining Co., 286 Pa. 359; Smith v. Transit & Light Co., 282 Pa. 511.

In an action for damages for X-ray burn, where defense was that plaintiff had a supersensitive skin, it devolved on defendant physician to prove that plaintiff had such skin: Hamilton v. Harris, 223 S. W. 533.

OPINION BY MR. JUSTICE SCHAFFER, February 5, 1930:
Anna H. Frederick, who was a patient of defendant, a physician, brought suit against him for damages because of injuries to her, due to his alleged negligence in very severely burning her with X-rays, when treating her for a fibroid tumor of the womb. She recovered a verdict and judgment and defendant has appealed.

This case differs from the others of like kind which we have had to consider (Stemons v. Turner, 274 Pa. 228; Nixon v. Pfahler, 279 Pa. 377), where we were asked to determine that, without proof of specific negligence, there was liability simply because the plaintiffs had been burned by X-rays applied to them by the defendants. Here there is positive evidence of improper treatment. There is no question under the evidence

submitted that plaintiff's injuries were due to an X-ray burn and that defendant is the only one who administered this form of treatment to her, and there is direct evidence of a failure on his part to use the proper safeguarding instrumentalities to protect her from being burned. After defendant had used the X-rays on her body, a condition arose at the places where they had been administered which indicated to plaintiff that something was wrong; whereupon she brought the matter to his attention and asked him whether he had not burnt her, to which he replied, so she testified, "Yes, I made a mistake; I forgot the last time to put the filters in, but that will soon be all right. I will soon have that healed." Defendant denied making this statement and also another conversation with plaintiff in the presence of a woman who was nursing her, in which plaintiff asked him whether burning is part of X-ray treatment, in reply to which she says he answered, "No. I made a mistake; you are the only second person I burned." This conversation was corroborated by the nurse. If he omitted to insert the filters in the machine, their function being to eliminate from contact with the human body certain rays which will burn it, all the expert witnesses called in the case on both sides say it was an improper omission. Dr. Pfahler, eminent as a Roentgenologist, called by defendant, said that if the treatment administered was without the use of filters, he would not regard it as safe, that it would be dangerous and would likely produce an X-ray burn. Dr. Henry K. Pancoast, professor of roentgenology at the University of Pennsylvania, and with Dr. Pfahler, professor of radiology at the graduate school of medicine at that university, also called by defendant, testified that if filters were not used, the practice was not consistent with what a physician, possessing and exercising the degree of skill and learning ordinarily possessed and exercised by physicians in good standing, would have used; and Dr. William H. Schmidt, an X-ray specialist lecturer

on applied electricity at Jefferson Medical College, likewise called by defendant, said that if defendant gave the dosage which he said he gave without the use of a filter, the technique would not be proper. The evidence recited made the questions, whether defendant had failed to use a filter, and, if so, whether he was negligent in so doing, for the jury's determination, notwithstanding his denial of the conversations and of the failure to use the filter, in which latter statement he was corroborated by the nurse whom he employed, who was present when the treatments were given and who said they were used.

It is maintained by plaintiff, and in that she has the support of witnesses called by her and to some extent at least by that of the expert witnesses summoned by defendant, that it was also negligent to subject her to further X-ray applications after the appearance of an erythema, an irritation of the skin. In view of the determination we have reached on the more important matter, we do not consider it necessary to pass upon this.

It is argued that the severity of the injuries which plaintiff received from the burns may have been due to a peculiar susceptibility she had to X-rays. The difficulty in the way of accepting this argument is that it was not shown that she had such an idiosyncrasy. It was testified that certain persons may have such an idiosyncrasy, just as people have to certain drugs or to sunburn, but neither the court below, the jury nor we could reach such a conclusion unless the fact was shown, and it was not. In the light of the direct testimony as to the absence of filters being the cause of the burns, it could not be surmised that, because there is an idiosyncrasy in some persons, it may have been present in plaintiff, when there is no evidence that it was. For like reason, complaints as to the charge and answer to the point as to susceptibility of certain persons to X-rays are without merit. Nor do we think it could be concluded under the evidence produced that plaintiff's condition was aggravated by the use of scarlet red on the burns. While

272

witnesses testified that it ought not to be used on X-ray burns, none hazarded the opinion that her condition was due to its application, which the testimony discloses was only to the edges of the deep burns, not over their surface.

We conclude that the testimony admitted as to a wrong diagnosis having been made by defendant of plaintiff's ailment, even if erroneously received, could have done no harm.

We have given full consideration to all matters urged upon us by the appellant's able counsel, but find in the record no reversible error. The case was fairly submitted by the learned trial judge to the jury.

The judgment is affirmed.