301 P.2d 521

Leonard L. WALDROOP, Claimant-Appellee,

v.

DRIVER–MILLER PLUMBING & HEATING CORP., Employer, and Fireman's Fund Insurance Co., Insurer, Defendants-Appellants.

No. 5951.

Supreme Court of New Mexico.

Sept. 4, 1956.

Rehearing Denied Oct. 3, 1956.

McAtee & Toulouse, William C. Marchiondo, Albuquerque, for appellants.

Rodey, Dickason, Sloan, Mims & Akin, William A. Sloan and Frank M. Mims, Albuquerque, for appellee.

KIKER, Justice.

This is a claim brought under the Workmen's Compensation Act. The claimant alleged that he was injured while lifting a plumbing unit; that the injury was to his

back and that he suffered total permanent disability; that he had incurred, up to the time of filing his claim, medical expenses in excess of $700; and that his earnings before the injury were $100 per week.

Answering, defendants denied all material allegations stated in plaintiff's claim.

The verdict of the jury was for total temporary disability for a number of weeks and for 40% permanent partial disability for the statutory maximum period. Judgment was entered in conformity to the verdict and the defendants, employer and insurer, have appealed.

For Point One in the argument, appellants state two propositions. The first is that there is no substantial evidence to support the verdict of the jury and the second is that the claimant failed to prove his case by a preponderance of the evidence.

As to the first of these propositions, it is clear that the testimony of the claimant is substantial in its character and sufficient support to take his case to the jury. In jury trials any question of fact supported by substantial evidence must be determined by the jury. Schulz v. Pennsylvania R. Co., 350 U.S. 523, 76 S.Ct. 608; Rivera v. Atchison T. & S. F. R. Co., N.M., 299 P.2d 1090, and cases cited therein.

The second proposition under Point One, being that the case is not supported by a preponderance of the evidence, we cannot consider for the reason that it is well established in this court, and we think it established almost universally, that in jury trials, if there is substantial evidence to support the verdict of the jury, the courts will not consider whether a preponderance of the evidence will support the verdict. The credibility and weight of the testimony of witnesses is for the jury and not the court to determine.

Appellants, for their second point as basis for reversal, submit that statements of an injured person as to his present condition and symptoms, detailing the history of his case and the circumstances which attended the injury, made to a physician examining him for the purpose of qualifying as a witness on behalf of the plaintiff, are not admissible, and that the court in this case committed reversible error in admitting such testimony by the physician.

There is reputable authority supporting the proposition stated by appellants and there is as much, if not more, equally reputable authority which holds to the contrary.

As pointed out in appellants' brief, support for their contention is found in opinions of certain federal circuits and, among others, the courts of Kansas, Missouri, Iowa, and Texas. An excellent statement of this view is found in Gaines v. Stewart, Tex.Civ.App., 57 S.W.2d 207, 208:

"But where an injured party, for the express purpose of qualifying a physician to testify in his behalf about matters on which such party seeks a recovery, makes statements as to subjective matters of pain, suffering, etc., not disclosed to the physician by other and independent means, there exists both motive and opportunity for the patient to magnify or feign injuries. Under such circumstances his statements become clearly self-serving and hearsay, and should not be admitted."

See also Delaware, L. & W. R. Co. v. Roalefs, 3 Cir., 70 F. 21; Murphy v. Edgar Zinc Co., 128 Kan. 524, 278 P. 764, 65 A.L. R. 1213, 1217; Standard Accident Ins. Co. v. Terrell, 5 Cir., 180 F.2d 1; Holmes v. Terminal R. Ass'n of St. Louis, 363 Mo. 1178, 257 S.W.2d 922; Pierce v. Heusinkveld, 234 Iowa 1348, 14 N.W.2d 275; Texas Employers' Ins. Ass'n v. Wallace, Tex. Civ.App., 70 S.W.2d 832; Lee v. Kansas City Southern Ry. Co., D.C., 206 F. 765; and other cases cited in annotation at 65 A.L.R. 1217.

Among jurisdictions supporting the contrary view are Alabama, California, Maine, Massachusetts, Oklahoma and Washington. In Groat v. Walkup Drayage & Warehouse Co., 14 Cal.App.2d 350, 58 P.2d 200, 203, the California court said:

"Appellants argue in favor of the rule in other jurisdictions, which, distinguishing between history told an attending physician for purpose of treatment and that given an expert solely for purpose of testifying, hold the former admissible and the latter inadmissible. See 8 R.C.L. 639. No such distinction has been made in this state. 'Declarations and statements, made to an examining expert by an injured party, of previous condition and past suffering, when declared by the expert to be necessary to enable him to form an opinion as to the nature and extent of disease or injury, and when such statements constitute in part the basis upon which the opinion of the expert is based, are admissible, not for the purpose of establishing the truth of the statements, but to serve as a basis for the medical opinion the expert is about to give. [Citing cases.]' Willoughby v. Zylstra, 5 Cal.App.2d 297, 300, 42 P.2d 685, 686. The rule in this state is in accord with the majority rule. 67 A. L.R. 10, 18; 80 A.L.R. 1527, 1528."

The Washington court stated in Kraettli v. North Coast Transp. Co., 166 Wash. 186, 6 P.2d 609, 611, 80 A.L.R. 1520:

" 'It is obvious that no intelligent examination could have been made, nor any intelligent opinion expressed, without taking into consideration both the subjective and objective symptoms.' "

See also Lowery v. Jones, 219 Ala. 201, 121 So. 704, 64 A.L.R. 553; Johnson v. Bangor Ry. & Electric Co., 125 Me. 88, 131 A. 1; Cronin v. Fitchburg & L. St. Ry. Co., 181 Mass. 202, 63 N.E. 335; Danner v. Chandler, 205 Okl. 185, 236 P.2d 503; Poropat v. Olympic Peninsula Motor Coach Co., 163 Wash. 78, 299 P. 979; III Wigmore § 688, § 1720.

In every diagnosis of a physician, the opinion expressed by him is necessarily founded upon both objective and subjective symptoms. In order to express an intelligent opinion he must know as much as he can ascertain of the physical history of the patient, whether the purpose of his examination is to treat the patient or to express an opinion in court as to his condition and its causes. If in stating an opinion it is clearly expressed as based on statements made by the individual and that which he ascertained by examination of that person's body, we fail to see how any harm can be done by the fact that the examination was not made for purposes of treatment. The jury should be instructed as to the effect of this testimony. In this case, failure so to instruct is not urged as error, and in addition the witness Dr. Clark testified "the history given to the doctor ordinarily is just what the patient tells you" and, "I am in no position to make any commitments as to the exact truth of his history even though I am sworn to on the witness stand, but I think that's understood."

We think that the better reasoned cases support the position taken by appellee. We therefore rule appellants' Point Two against them.

Appellants' Point Three involves the admission of testimony of claimant's wife and of certain exhibits. The wife was allowed to testify over the objection of appellants that both she and a minor child of the parties were compelled to go to work in order to support the family; and that to supply family needs it became necessary to sell certain articles of household furniture and equipment at public auction; also that claimant and his family were finally compelled to apply for charitable assistance from several organizations.

It seems too clear for argument that the testimony was incompetent in the trial of this case and that it was highly inflammatory and could have had no other actual effect than to appeal to the sympathies and prejudices of the members of the jury. That this kind of testimony in this case was highly prejudicial to the rights of the defendants seems to us to be beyond any kind of doubt.

It is a cardinal principle of our jurisprudence that the rich and poor must stand alike in the courts of justice in America; and the general rule as stated

in the authorities is that evidence of pecuniary circumstances, whether of the wealth or of the poverty of a party to an action, is not ordinarily admissible as evidence. There are certain exceptions but none of them obtain in workmen's compensation cases. See cases collected at 122 A.L.R. 1408.

In Miranda v. Halama-Enderstein Co., 37 N.M. 87, 18 P.2d 1019, this court had this proposition under consideration and spoke as follows:

"Over repeated objections, appellee was allowed to show that her husband had been sick for fifteen years, and unable to work, and that his support fell upon her. Appellant contends that the evidence was irrelevant as a measure of damages—on which question it could alone have any bearing—and that, as it contained an appeal to sympathy, it was prejudicial.

"It seems to be generally held that evidence of the injured plaintiff's domestic relations is irrelevant to the question of damages, and that, when of a nature calculated to prejudice, its admission will constitute reversible error."

See also Coca Cola Bottling Co. of Fort Worth v. Tannahill, Tex.Civ.App., 235 S. W.2d 224; Griser v. Schoenborn, 109 Minn. 297, 123 N.W. 823; 20 Am.Jur. 250, Evidence; 122 A.L.R. 1408.

■ We hold that the admission of evidence of claimant's poverty was reversible error.

■ Point Four challenges the action of the court in refusing defendants' attorneys the right to use the blackboard during the course of the trial for the purpose of placing thereon the differences, as brought out by medical witnesses, between symptoms of an ulcer and a herniated intervertebral disc.

Whether a party shall be allowed to use the blackboard during the trial of a case rests in the sound discretion of the trial court. State v. Jones, 51 N.M. 141, 179 P.2d 1001, and cases therein cited. We find no abuse of discretion.

■ Point Five complains that the court erred to the prejudice of appellants when it excluded their Exhibit 11, which was a medical report made by Dr. W. D. Andrews to the State Labor Commissioner and to the insurer showing that the disability of claimant, for which Dr. Andrews had treated him, was not due to injury. It is claimed that the exclusion of this testimony, which was offered to be identified by an agent of the insurer, was prejudicial.

It requires no citation of authority to show that the excluded testimony is clearly hearsay.

■ In addition, the record shows that Dr. W. D. Andrews appeared as a witness for appellants and testified in the case. There could have been no prejudice to appellants by reason of the exclusion of Exhibit 11.

■ Point Six is to the effect that it was prejudicial error to overrule appellants' objections to a question on cross-examination of Dr. Joseph Peterson, appellants' witness, as to whether he employed appellants' attorneys as his attorneys. The point cannot be sustained. It rests fully within the discretion of the trial court as to whether the cross-examination should be allowed. State v. Roybal, 33 N.M. 540, 273 P. 919; II Wigmore § 949.

■ Point Seven alleges prejudicial error of the trial court in not allowing in evidence a record of the Veterans' Administration purportedly showing that claimant's disability rating for government pension had been raised by the Veterans' Administration at a date subsequent to the alleged work injury. The report is incompetent as evidence in this case. Also, a number of doctors from the Veterans' Administration Hospital at Albuquerque testified for appellants in this case. No error was committed by the exclusion of this report.

■ Point Eight asserts that the trial court abused its discretion in overruling appellants' motion for a "continuance" from 8 p. m. Thanksgiving Eve, after the evidence had been taken but before the case had gone to the jury, to Friday morning at 9 a. m., which motion actually amounted to a request for a recess.

It has been uniformly held in New Mexico that the conduct of a trial, including the granting or denial of continuances and postponements is within the sound discretion of the trial court. State v. Fernandez, 56 N.M. 689, 248 P.2d 679; State v. Gallegos, 46 N.M. 387, 129 P.2d 634, and cases therein cited. We cannot find an abuse of discretion in the court's action in overruling the motion at the time made.

Point Nine charges that the court mistakenly entered judgment for an amount in excess of that allowed by statute, and appellee admits the error. Since the judgment must be reversed, this mistake doubtless will be avoided in case another trial should result in favor of plaintiff.

■ Appellants also complain that allowance was made to Dr. Peterson, claimant's physician, who treated him for ulcer and gallbladder difficulty. This treatment by the doctor was not requested by, and was in no way related to the claim

420

against, the employer and the allowance should not have been made. Dudley v. Ferguson Trucking Co., 61 N.M. 166, 297 P.2d 313. We have no doubt that this error also will be avoided at a second trial.

Appellants' final charge of error is that an award was made of the maximum payment of $30 per week. This complaint was based upon the proposition that while claimant worked only two weeks for the defendant employer, he did not receive full payment for the work done by him until several months later; and appellants urge that the amount earned by claimant for the two weeks should be spread over the entire number of weeks between the time he began work and the time of final payment. There is nothing in the statutes which justifies this contention and we know of no rule by which the compensation, if any, to which claimant may be entitled is to be measured other than by the time during which he worked and the compensation received by him for that work.

Because of the error pointed out in this opinion, the judgment of the lower court should be and is hereby reversed, and the case is remanded for new trial.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.