# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
**Washington, DC**

## UNITED STATES
**v.**
## Franciscus M. MADIGAR, II
**Health Services Technician Second Class, U.S. Coast Guard**

**CGCMG 0102**
**Docket No. 1056**

**5 June 1997**

General Court-Martial convened by Commander, U.S. Coast Guard Maintenance and Logistics Command Atlantic. Tried at U.S. Coast Guard Training Center, Cape May, New Jersey, on 19-21 June 1995.

| | |
|---|---|
| Military Judge: | CAPT Lane I. McClelland, USCG |
| Trial Counsel: | LCDR Jeffrey C. Good, USCG |
| Assistant Trial Counsel: | LT Sandra Selman, USCG |
| Civilian Defense Counsel: | Frederick W. Klepp, Esquire |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Defense Counsel: | LCDR Allen Lotz, USCG |
| Appellate Government Counsel: | LT Frank R. Levi, USCGR |

**BEFORE**

**PANEL FOUR**
**BAUM, O'HARA, AND WESTON**
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by general court-martial, judge alone. Pursuant to guilty pleas, entered in accordance with a pretrial agreement, he was convicted of the following offenses: three specifications of dereliction of duty; thirteen specifications of maltreatment of female recruits; one specification of wrongful use of heroin and one specification of wrongful use of marijuana; five specifications of assault consummated

by battery by subjecting female recruits to unnecessary X-ray procedures; and seven specifications of indecent assault of female recruits, in violation of Articles 92, 93, 112a, 128 and 134, Uniform Code of Military Justice (UCMJ). The judge sentenced appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to pay grade E-1. The convening authority reduced the confinement to seven years and six months in accordance with the terms of the pretrial agreement, but otherwise approved the sentence as adjudged. Before this Court, appellant has challenged this Court's jurisdiction based on an assertion of a defective civilian judicial appointment That assignment has been found to be without merit by the U.S. Supreme Court, *Edmond v United States*, ___ U.S. ___, 65 U.S.L.W. 4362 (1997), and is rejected for that reason. Appellant also contends that his pleas of guilty to assault and battery by exposing female recruits to unnecessary X-rays are improvident. That assignment will be addressed.

## ASSAULT AND BATTERY BY X-RAY

Appellant, a Health Services Technician Second Class, whose duty at the Coast Guard Recruit Training Center, Cape May, New Jersey, was that of X-ray technician at the Center's Medical Clinic, pled guilty to five specifications of assault by unlawfully exposing female recruits to X-ray radiation by making unnecessary X-ray images of their bodies. The inquiry into the providence of appellant's pleas established that he, indeed, took the X-rays alleged and that they had not been ordered by a doctor and, in fact, were not medically indicated. Nevertheless, he now contends that those guilty pleas were improvident because an X-ray is insufficient to constitute the harmful or offensive touching necessary to support such an assault. He asserts that a physical touching of the victim is necessary for the offense and that X-ray radiation does not amount to such a touching.

Appellant is correct that one of the elements of assault consummated by a battery, the type of assault encompassed by these specifications, requires bodily harm, which is defined as any offensive touching, however slight. Manual for Courts-Martial, 1995 Edition (MCM 1995), Part IV, ¶54. b(2)(a) & c(1)(a). Moreover, as indicated by appellant, all the examples of battery in MCM 1995, Part IV, ¶54. c(2)(c) involve a physical touching of the victim by something solid. Those examples, however, are by no means exhaustive. Neither they nor any other provision of the MCM expressly preclude the possibility that a force, such as X-ray radiation, passing through the body may constitute the requisite touching. Non-solids such as smoke and chemical gas have been found by other courts to be agents of assault and battery. *United States v. Banks*, 39 M.J. 571 (NMCMR 1993) (smoke), and *United States v. Schroder*, 47 CMR 430 (ACMR 1973 (chemical gas).

Appellant, however, says that he has found no military or civilian reported cases in which a person has been criminally convicted of assault and battery for unnecessary exposure to X-rays. No criminal case cites of this nature have been provided by the Government either, nor have any been discovered by this Court. While no assault and battery cases have been found, the Government does cite one reported civilian decision involving manslaughter in which a physician was charged with criminal negligence by exposing a patient to excessive X-rays. In that case, *State v. Lester*, 149 N.W. 297, 298, (Minn. 1914), the Supreme Court of Minnesota upheld the manslaughter indictment and, in so doing, took judicial notice that X-ray machines sometimes inflict serious burns. The military judge in the instant case also

took judicial notice of the effect of X-rays. After appellant's counsel affirmatively agreed that such notice could be taken, the judge noted the following:

> X-rays [sic] images of the body are formed by directing at the body a stream of X-ray radiation which is something that cannot be seen but which passes through the body in varying degrees depending on the type of body tissue.
>
> It passes through bones and other tissues in greater or lesser degree. Whatever portion of the radiation passes through strikes an X-ray film that's placed on the other side of the body. When X-ray radiation strikes the special material of the X-ray film, it causes changes to the material which forms, essentially, a picture of the bones and to some extent the other structures of the body.
>
> But in passing through the body, the X-ray radiation can damage parts of cells of the body, so that if a great many such exposures are suffered by the body, eventually disease or deterioration of the body can result.

R. 27&28.

Appellant's contention that X-rays do not constitute harmful touching runs counter to these judicially noted facts, which, standing alone, are sufficient proof of a battery's harmful touching element. *United States v. Townsend*, 46 M.J. 517, 521 (C.G.Ct.Crim.App. 1997). Furthermore, appellant's assertion flies in the face of the examples of bodily harm resulting from unnecessary or negligent exposure to X-rays that can be found in reported civil liability cases; *e.g. Greenberg v. Post*, 19 So. 2d 714 (Fla. 1944) (beautician held liable for burns suffered by plaintiff while undergoing treatment by defendant to remove superfluous facial hair); *George v. Shannon*, 142 P 967 (Kan. 1914) (judgment against physician affirmed where plaintiff had been burned by X-ray machine); *Frederick v. Strouse*, 149 A. 318 (Pa. 1930) (Plaintiff recovered for burns from X-ray machine); and numerous similar cases at 41 ALR2d 329.

Additionally, while no criminal conviction for assault and battery by X-ray has been found, at least one tort case has been reported with features similar to those before the Court. Here, we have offenses in which a second class petty officer caused Coast Guard recruits to submit to X-ray procedures for which there was neither a doctor's authorization nor a medical necessity. In so doing, advantage was taken of these young women by an authority figure solely for his own personal reasons and gratification. In *Irwin v. Arrendale*, 159 S.E. 2d 719 (Ga. 1967), a prisoner brought a tort action for assault and battery against the medical director of the State Prison, alleging that the plaintiff had been forcibly X-rayed without consent and without a sound reason. It was further alleged that the taking of X-rays was "solely and only because defendant had power over plaintiff and wanted to take advantage of the same." A demurrer to the petition was overruled by the Georgia Court of Appeals, holding that a cause of action had been stated for technical assault and battery by, among other things, radiation penetration. *Id* at 726.

As in *Irwin v. Arrendale*, supra, we, too, are convinced that an assault and battery has been properly alleged here, despite the lack of criminal cases directly on point. It is our holding that exposing a person to X-ray radiation constitutes the required offensive or harmful touching for a battery. Accordingly, appellant's pleas of guilty were provident and the assignment of error is rejected.

Appellant, as a medical technician, stands convicted of numerous offenses against trusting female recruits who had sought medical attention but, instead, were mistreated in one form or another. In many instances, they were subjected by appellant to degrading acts under the guise of required medical procedures. Among other things, in addition to the unnecessary X-ray radiation, appellant required some of these young women to remove articles of clothing and assume contorted positions, exposing their private parts, which he then touched in highly inappropriate ways. He violated the trust of these women and he violated his professional obligations. The approved sentence is fully supported by the offenses and it is appropriate for this accused. Having reviewed the record in accordance with Article 66, UCMJ, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judges O'HARA and WESTON concur.

For the Court,

R. Hamish Waugh
Clerk of the Court