JUDGE COFER
delivered the opinion oe the court.
This was a proceeding by motion in the Franklin Circuit Court, in the name of the commonwealth, against the appellant Grundy, who was sheriff of McCracken County in 1873, and the sureties in his bond for the collection of the public revenue of that year. The proceeding was commenced in 1874, after the General Statutes went into effect, and that it was in all respects in conformity to the requirements of these statutes is not questioned.
It is claimed, however, that the bond was not a statutory bond, and therefore that the remedy prescribed by the statute for enforcing such bonds could not be legally resorted to, and that the judgment is therefore void.
1. The first objection taken is that the statute in force in 1873 required the revenue bond of the sheriff to be executed at the January or February term of the county court, and declared that if not then executed the sheriff should forfeit his office, and therefore that the taking of a bond after that time was not a compliance with the requirements of the statute, and such bond is not a statutory bond.
This court so held in Calloway v. The Commonwealth *352 (4 Bush, 383), but after that decision was made the general assembly passed an act entitled “An act to amend the revenue laws of this commonwealth,” approved February 13, 1869 (1 Session Acts 1869, p. 28), which provided that all bonds executed by sheriffs and collectors of revenue should be valid and binding upon them and their sureties, whether said bonds were executed at the time then fixed by law or after that time, and that the same remedies should be had to recover thereon as were then given upon bonds executed at the January or February terms of county courts.
The bond not having been executed in January or February, the sheriff incurred the forfeiture denounced by the statute, but such forfeiture was never enforced, and the act of 1869 authorized the county court to take the bond after February, and the execution of the bond and its acceptance by the county court was a waiver by the commonwealth of the forfeiture, and Grundy then became de jure sheriff, even if he was not such before. But if this were not so, he executed the bond in conformity to the statute of 1869, and his bond was therefore a statutory bond, and not only valid and binding as such, but it might be proceeded upon as if it had been executed at the preceding January or February term of the county court, for the statute expressly so declares.
2. It is next contended that all that part of the act of 1869 which gave the remedy upon such bonds by motion in the Franklin Circuit Court was repealed by the General Statutes, and that the remedy given by those statutes only applies to bonds executed after they went into effect.
There is nothing in the language of the General Statutes indicating an intention thus to limit the remedy therein given. The only difference between the mode of proceeding prescribed by the law in force before, and that prescribed in the General Statutes is, that under the General Statutes the auditor is required, twenty days before the commencement of the term at *353 which he proposes to take judgment against a sheriff and his sureties, to mail to them, at the county seat of the county of which he is sheriff, a notice stating the amount for which judgment will be asked, and the time when the court will be held; whereas under the former law no notice whatever was required to be given.
It was certainly competent for the legislature to repeal and re-enact laws relating to the remedy alone, and especially so when the remedy provided by the new law is more favorable to the party complaining than that in force when the bond was executed. If the old law had required notice and the new had dispensed with it, it might well be questioned whether, considering the extraordinary character of the remedy, it could be upheld; but the appellants have no cause to complain of a new remedy more favorable to them than the old one.
But the remedy provided by the General Statutes is not to be treated as a new law, but as continuing the old law on this subject in force. “ The provisions of the General Statutes, so far as they are the same as those of existing laws, shall be construed as a continuation of such laws, and not as new enactments.” (Section 5, article 1, Act to adopt General Statutes, page 138.)
This question is then to be treated as if the remedy provided by law at the time the bond was executed had never been repealed, and the provision for notice to the sheriff and his sureties had been adopted as an amendment.
3. The third and last objection taken is that the act of 1869 is unconstitutional, because the subject of the act is not expressed in the title.
The Revised Statutes contained a chapter entitled “Revenue and Taxation.” That chapter contained the general revenue laws of the state. Other chapters related incidentally to the revenue, but they could not in any accurate sense be said to be revenue laws.
*354 The revenue of the state is a distinct subject, and an act to amend the revenue laws must have been understood from its title to relate to the general revenue system, and was sufficiently specific and certain, and the act can not be pronounced unconstitutional on that ground. The title to the act in question is not to be assimilated to “an act to amend the laws of this commonwealth.” Such a title, so far from relating to one subject, would relate to all subjects, and in the constitutional sense would be no title.
We perceive no error in the proceeding, and the "judgment must be affirmed.