JUDGE COFER
delivered the opinion of the court.
The appellants having been convicted of unlawfully confederating and banding themselves together for the purpose of intimidating, alarming, and disturbing F. M. Staton, and adjudged to suffer one year’s imprisonment in the penitentiary, have appealed to this court for the reversal of the judgment.
They were convicted under the second section of an act entitled “An act to amend chapter 28 of the Revised Statutes, title ‘ Crimes and Punishments,’ approved April 11, 1873, and . commonly called the ‘ Kuklux Law.’ ”
The act adopting the General Statutes was approved April 22, 1873, and provided that they should take effect December 1st of that year, and that when they went into effect all statutes of a general nature then in force, and which were repugnant to ,the General Statutes, should be repealed, except certain enumerated statutes, of which that in question is not one.
*333 In Broaddus v. Broaddus (10 Bush, 308) it was held that the General Statutes must be regarded as containing a complete system of laws, and when they contain provisions on any general subject such provisions must be regarded as all the statute law on that subject.
The General Statutes contain provisions on the general subject of crimes and punishments, and the kuklux act being in force when they went into effect, would, under the rule in the Broaddus case, stand repealed. But that rule does not apply to this act.
Sec. 6 of art. 2 of the act adopting the General Statutes provides, that, the acts of that General Assembly, so far as they may be inconsistent with or repugnant to any provision of the General Statutes, shall be considered the law of the land.
The “Kuklux” law, being omitted from the General Statutes, and repugnant thereto, according to the interpretation of sec. 2, art. 1, as given in Broaddus v. Broaddus, is also repugnant within the meaning of sec. 6, art. 2, and being an act of the same General Assembly by which the General Statutes were adopted, is not repealed, but continues to be the law of the land.
The indictment was sufficient.
The crime with which the appellants were charged consisted in unlawfully banding themselves together for the purpose of intimidating, alarming, and disturbing F. M. Staton, and was laid in the very words of the statute.
The act is not unconstitutional. (Grundy v. Commonwealth, 12 Bush, 353.)
Judgment affirmed.