JUDGE ELLIOTT
delivered the 5pinion of the Court.
This is an appeal from a judgment upon a bond, executed by appellant with surety, to release his property from levy and sale on a warrant issued in favor of appellees to enforce their lien, as keepers of a - livery stable, against appellant for keeping, caring for, and feeding his two gray mares from July 8, 1874, to January 25, 1875.
By an act of the legislature, passed January 31, 1871, a lien was given to livery - stable keepers in a few of the counties of this state, on the stock kept by them in their stables, and the remedies in their favor were similar to those provided in cases of distress-warrants for rent.
By an act, approved March 7,1871, any tenant whose property has been or is about to be levied on by virtue of a distress-warrant, “ may replevy the same by executing, to the person or persons in whose name the warrant issued, a bond with security, to be approved by the officer, to the effect that the property shall be forthcoming to answer any judgment or order that may be rendered by the court to which the distress-warrant is made returnable; and that if such property is by the court *231 adjudged subject to the distress, he will pay to such party the amount of the rent specified in the warrant, with ten per cent thereon, if the property is of the value of the rent so specified, or, if it is of less value, that he will pay to such party the value thereof and ten per cent thereon. Upon the giving of the bond, the levy, if one has been made, shall be discharged, and bond and warrant returned as required by law.”
The second section of the act provides that when a motion is made for judgment on the bond, as provided by section 722 of the Civil Code of Practice, the defendant in the warrant may, by way of defense, show that the distress was for rent not due in whole or in part, or was otherwise illegal, or that the property was not subject to the distress, or was not owned by the tenant, or that it was exempt from levy or distress.
The bond executed by appellant was in pursuance of the provisions of this statute, and after due notification the appellees moved the court below for judgment, and thereupon the appellant Fitch and his sureties appeared and resisted judgment upon the ground that at the time of the levy the two gray mares levied on were exempt from distress, by reason of the fact that their owner, the appellant, Frederick Fitch, was at the time of the levy a bona fide housekeeper with a family. The law and facts were submitted to the- court and judgment rendered for appellees.
It was admitted on the trial of this case that the appellant Fitch was, at the date of the levy, a housekeeper, and that the horses levied on were all that he owned; but it is contended that all property kept and cared for by livery-stable keepers is subject to the claim for keeping it, by virtue of an act entitled “An act for the protection of livery-stable keepers, farmers, and other persons in this commonwealth,” approved February 7, 1874.
By the first section of this act it is provided “ that the provisions of an act for the protection of the livery-stable keepers *232 of this commonwealth, approved January 31,1871, be applied to all the counties of this commonwealth.”
“Sec. 2. That the lien'given in said act to livery-stable keepers be extended to all farmers and other persons in this commonwealth feeding or grazing horses or other live stock for compensation; and that no such stock shall be exempt from sale under this act.”
Under this act if property exempt from execution or landlord’s distress has been kept, fed, and cared for by a livery-stable keeper, it is as liable as any other property to the livery - stable keeper on the claim for keeping it, as by the express provisions of the law giving the lien it is declared that all the property kept by the liveryman shall be liable to his claim, and that none of it shall be exempt from sale under the law giving the lien.
The same property is exempt under the act supra as is under an ordinary fi. fa. or distress-warrant, unless the exempt property has been kept and cared for by the livery - stable keeper, but if it has been so kept, it is as liable to the claim for keeping it as if not exempt from ordinary execution or distress-warrant. The claim, for which the levy was made, was for keeping the two horses in dispute, and as the court properly held that they were liable, that judgment is hereby affirmed.