# Lancaster Hotel Company, et al. v. Commonwealth.

(Decided September 24, 1912.)

## Appeal from Scott Circuit Court.

1. Gaming—Section 1978, Kentucky Statutes—Indictment—Sufficiency.—An indictment under section 1978, Kentucky Statutes, for suffering gaming on premises under one's control, that follows the language of the statute, is sufficient.

2. Gaming—Knowledge—Sufficiency of Evidence.—Where gaming is conducted in a room in a hotel for several months, where the room was frequented by from five to thirty persons each time, these are circumstances from which the jury may infer knowledge on the part of those in charge of the hotel, and a verdict rendered upon such evidence cannot be said to be flagrantly against the evidence.

3 Gaming—Hotel Company—Manager.—The manager of a hotel who directs and attends to everything that is done, and is in control of the premises, is liable to the fine imposed by section 1978 for suffering gaming therein.

LLEYELLYN F. SINCLAIR for appellants.

JAMES GARNETT, Attorney General, CHARLES H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Appellants, the Lancaster Hotel Company, and George D. Lancaster, were indicted by the grand jury of Scott County for the offense of suffering and permitting on premises in their occupation and under their control, games of craps, at which money or property was won or lost. The jury found appellants guilty and imposed upon the Hotel Company a fine of $500, and upon George D. Lancaster a fine of $200. From the judgment predicated on the verdict, they appeal.

It appears that the Lancaster Hotel Company is the owner of a hotel situated on the corner of Main and North Broadway streets in the city of Georgetown. There are two or three entrances to the lobby of the hotel from Main street and North Broadway. There is a stairway leading from the lobby of the hotel to the basement, where there are located a soft drink establishment and lunch counter, a toilet room and a pool room. A number of people travel up and down this

stairway both day and night. On the north side of the hotel, and along the side of the basement, there are several entrances to the various rooms in the basement. On the northwest corner of the hotel, on a level with the basement, there is a large room originally constructed for storage purposes. This room is accessible from the pool room, which adjoins the hallway or passage leading from the pool room to the storage room. The evidence conclusively shows that for several months a crowd, variously estimated to consist of from five to twenty-five or thirty persons, was in the habit of gathering in the storage room and shooting craps for money, particularly on Saturday night. A majority of the persons who congregated there would pass through the lobby of the hotel, while there were some who passed through the entrance to the basement. The testimony for appellants, as given by George D. Lancaster, manager of the hotel, and several of the directors, was to the effect that they had no knowledge or information that gaming was carried on in the storage room. George D. Lancaster testifies that they originally gave two young men permission to use the storage room in the afternoon for the purpose of playing whist.

Among the grounds urged for reversal is that the indictment is not sufficient. The indictment is based on section 1978, Kentucky Statutes. It follows the language of the statute. It is insisted that as intent is always an essential element of the crime, the indictment should have defined the words, "suffer and permit." This contention is based on the rule announced in Bunnell v. Commonwealth, 30 Ky. L. R., 491, where this court held that the trial court should, in its instructions, define the words, "suffer and permit." In that very case, however, there was a demurrer to the indictment. In discussing its sufficiency, the court said:

"The point of the demurrer is that the indictment did not charge the game was suffered or permitted with the knowledge of the accused. The indictment follows the language of the statute, which is section 1978, Kentucky Statutes: 'Whoever shall suffer any game whatever at which money or property is won or lost to be played in a house, boat or float, or on premises in his occupation or under his control, shall be fined from two hundred dollars to five hundred dollars for each offense.' It is generally held that in charging statutory offenses

an indictment framed in the language of the statute is sufficient. Blackburn v. Commonwealth, 15 Ky. L. R., 239; Commonwealth v. Tanner, 5 Bush, 316; Davis v. Commonwealth, 13 Bush, 318; Sellers v. Commonwealth, 13 Bush, 331; Commonwealth v. Turner, 8 Bush, 1; Fitch v. Stegall, 14 Bush, 230; Cundiff v. Commonwealth, 9 Ky. L. R., 537; Knoxville Nursery Company v. Commonwealth,. 108 Ky., 6; Commonwealth v. Grinstead, 108 Ky., 59; Commonwealth v. C. & O. Ry. Co., 101 Ky., 159. As to whether an indictment in the words of the statute will be sufficient, this test is laid down in Commonwealth v. Stout, 7 B. Monroe, 247, as follows: 'An indictment in the words of the statute is not always sufficient. Whether sufficient or not, depends upon the manner of stating the offense in the statute. If every fact necessary to constitute the offense is charged or necessarily implied by following the language of the statute, the indictment in the words of the statute is undoubtedly sufficient; otherwise it is not.' "

While it is true that the court did not say in terms that the indictment was sufficient, the effect of the opinion was to so hold, as the court did not direct that the demurrer be sustained to the indictment, but remanded the case for a new trial under the indictment.

As the indictment in question follows the language of. the statute, and charges every fact necessary to constitute the offense, we conclude that the indictment is sufficient.

But it is insisted that the evidence is not sufficient to sustain the conviction. In this connection, it is argued that it was not shown by a single witness that George D. Lancaster, the manager of the hotel, or any officer, director or employee of the hotel, was ever present when the gaming was going on, and the mere fact that a number of persons, in going to and from the room where the gaming was conducted, passed through the lobby of the hotel, was not sufficient to justify the inference of knowledge on the part of those in charge of the hotel, because the evidence shows that many persons also passed through the lobby of the hotel for the purpose of visiting the toilet room, and patronizing the soft drink establishment and the pool room. The rule is that the word "suffer" or "permit" means that the defendants must have suffered or permitted the game with the knowledge that money was being bet, won or

lost thereby, or the evidence must show some facts or circumstances by which the jury might infer such knowledge. Bunnell v. Commonwealth, supra. And the court so instructed the jury. While it is true that no actual knowledge on the part of appellants was shown, it is true that the crap games continued in the storage room for a period of several months. It is also true that at times it was frequented by as many as twenty-five or thirty persons. Taking into consideration the length of time the game continued, and the frequency with which it took place, together with the number of people who attended the games, these facts were sufficient to justify the inference of knowledge on the part of those in charge of the hotel, and we cannot say that the finding of the jury is flagrantly against the evidence.

Lastly, it is insisted that the case should be reversed as to George D. Lancaster on the ground that he was a mere agent or clerk in the employ of the hotel company, and that the hotel was not under his control. The point is made that he had no more authority over the hotel than a bell boy, porter or clerk. The record, however, does not sustain this contention. Lancaster himself says that he was the manager of the hotel. Upon being asked his duties as manager of the hotel company, he replied: "I don't know, Colonel; I've got them all—whatever they are. Pretty near everything that goes on I have something to do with." While it may be true that the final control of the hotel was in the Lancaster Hotel Company, it is also true that George D. Lancaster was the manager through whom that control was exercised, and that he himself was in full control of the premises. As the statute provides that whoever shall suffer any game whatever at which money or property is won or lost to be played in a house in his occupation or under his control, and as Lancaster's own testimony shows that the premises in question were under his control, it follows that he is liable to the fine imposed by the statute.

Finding no error in the record prejudicial to the substantial rights of the appellants, the judgment is affirmed.