[No. 3125.   Nov. 9, 1927.   Rehearing Denied Jan. 21, 1928.]

STATE v. ROYBAL.

[262 Pac. 929.]

D. J. Leahy, of East Las Vegas, and M. A. Sanchez and C. J. Roberts, both of Santa Fe, for appellant.

Fred E. Wilson, Atty. Gen., and R. C. Dow, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON. J. Appellant shot and killed Elauterio Rodriguez, and was convicted of murder in the second degree.

Appellant was a police officer of the city of Las Vegas. A disturbance occurring in a pool hall, appellant was engaged in arresting one who was intoxicated and making trouble. The deceased interfered, to some extent, with the performance of this duty, justifying appellant in arresting him. Appellant stated to deceased that he was under arrest, but, being engaged with his first prisoner, delegated to others the task of taking deceased into custody. Deceased started to leave the scene, and those delegated failed to capture him. Thereupon appellant turned his first prisoner over to others, and started in pursuit of deceased, calling upon him to halt and to submit to arrest. Deceased failing to do so, appellant attempted to shoot, but his pistol missed fire; appellant claiming that he intended merely to shoot at deceased's feet as a warning. Deceased turned about, cursed appellant, and seemed, as appellant claims, to threaten him with an open knife in his hand. Thereupon appellant fired the fatal shot.

The issue was self-defense. A state's witness testified that, when deceased fell, he took the knife from his hand, and that the knife was unopened. It was a small knife, with a broken blade. Appellant testified, however, that, as the deceased faced him in a threatening attitude, he could see the blade. Appellant was therefore entitled to have the jury instructed correctly upon the doctrine of apparent danger, and that the jury, in examining as to the reasonableness of appellant's apprehensions of danger, should apply the standard "of a reasonably cautious and courageous man, or a person of ordinary firmness, reason and prudence."

The issue of self-defense was submitted to the jury in three paragraphs, Nos. 22½, 23, and 24, given of the court's own motion, and in paragraph 4, given at appellant's request. They are as follows:

"(22½) The standard by which the jury must determine the reasonableness of belief of accused that danger is so apparently

imminent that he must act in self-defense is that of an ordinary person of firmness, reason, and prudence; not that such question should be determined from the standpoint of the accused."

"(23) The bare fear, however, that a man intended to commit murder or other atrocious felony, however well grounded, unaccompanied by any overt act indicative of such intention, will not warrant the killing of the person by way of prevention. There must be some overt act indicative of imminent danger at the time, but the jury should judge whether the conduct and acts of the deceased, Elauterio Rodriguez, at the time of the shooting, were of such a character as to create in the mind of the accused a reasonable fear that the deceased intended to commit murder, or to do the accused great bodily harm. Apprehension of danger, to justify a homicide, must not be based on surmises alone, but there ought to be coupled therewith some act or demonstration on the part of the person from whom danger is or was apprehended, evincing an immediate intention to carry into execution his threats or designs, and the jury are to judge of the reasonable grounds for such apprehension on the part of the accused from all the facts and circumstances as they existed at the time of the killing."

"(24) . A person may repel force by force in the defense of his person against one who manifestly intends, and endeavors by violence, to take his life, or to do him great bodily harm, and, if a conflict ensue under such circumstances, and life is taken, the killing is justifiable. It must appear, however, that the assault was imminently perilous, and, unless there be a plain manifestation of an intent to take life or to do great bodily harm, no assault will justify the killing of the assailant. But he is not compelled to retreat when assailed with a deadly weapon, and he may stand his ground and defend his own life, or defend himself from great bodily harm, and he may even pursue his assailant until all danger to his life or danger of great bodily harm to him is passed. And, if you believe from the evidence that, on the occasion of the killing of the said Elauterio Rodriguez, the deceased made a violent assault upon the defendant with a knife, and that such assault was imminently perilous to the life of the defendant, or placed him in imminent peril of great bodily harm, from the deceased, or if the defendant believed or had reasonable grounds to believe, and that the defendant in order to save his own life, or save himself from great bodily harm, shot the deceased, then you are instructed that such killing was justifiable and excusable, and you will in that event acquit the defendant."

"(4) A correct rule of self-defense is that apprehended danger by a person assailed, when accompanied by some overt act on the part of the assailant indicating that he is about to take the life of the person assailed, or to inflict upon him some great personal injury, will justify the person so assailed in killing his assailant the same as if such danger actually existed; provided that, at the time the fatal stroke is given, the person so assailed really believes, and has reasonable ground to believe, that he is in imminent danger of losing his life or receiving some great personal injury from his assailant. And I therefore instruct you that, if you believe from the evidence in this case that the defendant, at the time he shot and killed Elauterio Rodriguez, if he did so,

believed, and had reasonable ground to believe, that he was in imminent danger of losing his life or receiving some great personal injury at the hands of said Elauterio Rodriguez, you should find the defendant not guilty, and it matters not whether such danger really existed; and in determining whether the defendant did so really believe, and had reasonable ground to so believe, you must view the circumstances surrounding the killing from the standpoint of a reasonable and prudent person occupying the position of defendant at the time he fired the shot."

Instruction No. 23 is here challenged upon the ground that it fails to recognize the doctrine of apparent danger; directing the jury, as it does, to judge according to "all the facts and circumstances as they existed at the time of the killing." State v. VanSickel, 20 N. M. 190, 147 P. 457, is cited and relied upon. That case is not controlling, however, since there the court, instructing "it must appear that, at the very time that he inflicted the injury, which he claims was done in self-defense, there was imminent danger of his assailant doing him personal injury," refused to instruct "in determining whether or not the defendant was in apparent danger you are to view the circumstances at the time as they appeared to him situated as he was at the time," and failed otherwise to modify the instruction given. In the case at bar, the doctrine of apparent danger was given full recognition in the instruction given at appellant's request. A sufficient reason for overruling this contention is that it was not properly brought to the attention of the trial court; the exception to instruction No. 23 being "that said instruction fails to point out to the jury as to how they shall determine whether the defendant believed, and had reasonable ground to believe, that he was in imminent danger of great personal injury at the time he fired the shot alleged in the indictment." This exception, construed literally, was not well taken, and it certainly failed to call specific attention to what is now urged as the vice in the instruction.

The present objection to instruction No. 22½ is that, while abstractly the correct standard is given, as established in State v. Chesher, 22 N. M. 319, 161 P. 1108, the instruction stops short of explaining that "the reasonableness of belief should be ascertained by the standard of a person of ordinary firmness, reason, and prudence, situated as the accused was at the time of the homicide,"

and that "the jury must view the circumstances at the time as they appeared to the defendant." The exception taken to this instruction was "that it directs the jury not to determine the issue therein referred to from the standpoint of the accused, which is tantamount to saying that the matters and things referred to in such instruction should not be considered by the jury from the standpoint of him who acted upon the belief in said instruction referred to." If, by this exception, it was meant that the court was giving the jury the wrong "standard" by which to determine whether the facts could be deemed to justify apprehension, it was not well taken. If it had reference to the distinction between real and apparent danger, that was a question not dealt with by the instruction. We do not think that any vice in this instruction was pointed out by the exception.

To the giving of instruction No. 24, it was excepted that the doctrine of apparent danger was not recognized, and that appellant was not given the benefit of reasonable doubt. It is apparent that something was inadvertently omitted from this instruction. Following the words, "or if the defendant believed or had reasonable grounds to believe," the court must have intended to say, "that such assault was imminently perilous to his life, or placed him in imminent peril of great bodily harm," or something to that effect. Great reliance is placed upon State v. Crosby, 26 N. M. 318, 191 P. 1079, where it is held that the error in giving an incorrect instruction is not cured by a correct instruction on the same subject. This instruction, as it appears in the record, is dubious. How an ordinary jury would construe it, it is, of course, impossible to say. If it had been written as intended, it would not have been incorrect in itself; lacking only the proposition supplied by instruction No. 4, given at appellant's request, that the danger was to be judged, not according to the actual facts as they developed at the trial, but according to the facts as the jury might find that they appeared to the appellant at the time. In the Crosby Case, the instruction was not only inherently wrong, but was so "complete, unambiguous, and certain" that a subsequent correct instruction was held not to cure the error in giving

it. The infirmity in this instruction appeared upon its face, and it was the duty of counsel to point it out to the court specifically, in order that there might be timely correction of it.

The court gave the usual instructions upon presumption of innocence and reasonable doubt, and instructed specifically that, among the matters to be proved "to your satisfaction and beyond a reasonable doubt," was "that the said killing was * * * without legal excuse or justification." In addition to this, he gave a separate paragraph, at appellant's request, as follows:

"In the trial of a criminal case it is not necessary that a defendant prove anything to be a fact which, if true, is a complete defense. It is only necessary that he raise in the minds of the jury a reasonable doubt as to the existence of such fact."

We do not think, therefore, that the jury could have been misled by instruction No. 24 into the belief that the burden was upon appellant to establish his defense. It is well settled that, if there is a correct general instruction as to reasonable doubt, it need not be repeated when dealing with each element of the case. Territory v. Vialpando, 8 N. M. 211, 42 P. 64; Territory v. Livingston, 13 N. M. 318, 84 P. 1021; Territory v. Price (Syl.) 14 N. M. 262, 91 P. 733; Territory v. Caldwell, 14 N. M. 535, 98 P. 167. It is interesting to note that counsel, in framing his request No. 4, relied on the general instruction as to reasonable doubt, and did not deem it necessary to repeat it.

Appellant also contends that the evidence so strongly preponderated in his favor upon the issue of self-defense that, as a matter of law, guilt cannot be said to have been established beyond a reasonable doubt; and, further, that there was no evidence in the case justifying conviction of murder in the second degree. With these contentions in mind, we have carefully read the record, and are satisfied that they are without merit. The evidence was highly conflicting upon a number of important matters. We cannot say that there was no substantial evidence of malice, or that the jury was not warranted in

rejecting the theory of self-defense. We see no reason to disturb the verdict.

Finding no reversible error, we must affirm the judgment.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.