## Stephenson v. Commonwealth.

(Decided May 19, 1936.)

DUNCAN & DUNCAN for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

Pearl Stephenson appeals from a one-year sentence for malicious shooting without wounding.

The facts are: Appellant lived in the city of Cincinnati, and on the day of the crime she, in company with one Strongy Bell, returned to her original home at Parnell, in Wayne county. Immediately on her arrival there she went to the home of Mrs. Leta Stephenson, her aunt by marriage. It was then between 11 and 12 o'clock at night. Mrs. Stephenson had then gone to bed, but her daughter and two girls, who were visiting her, were still up. According to Mrs. Stephenson, Strongy Bell knocked on her door, and when it was opened appellant pushed in. Appellant had a pistol in each hand, and started toward the bed in which Mrs. Stephenson lay. Appellant said:

"Get out of bed and get down on your knees, or I am going to kill you."

Mrs. Stephenson told her to get out, and appellant said, "I am not going until I get ready." Thereup-

on appellant fired two shots from one of the pistols, and the first shot was about three inches, and the second shot about one inch, above Mrs. Stephenson's head. Strongy stepped out on the porch, then grabbed the pistol, wrung it from appellant's hand, and took it away from her, and appellant "cussed him all to pieces." Ora Stephenson, daughter of Mrs. Leta Stephenson, and Ruby Clark both testified substantially to the same effect.

On the other hand, appellant testified as follows: She had heard that Mrs. Stephenson had been telling a lot of things that were not true, and she told Strongy that she was going to see a certain party. Strongy came on in behind her. When she knocked on the door and Ora inquired who it was, she told her it was Strongy. When she said that, the door was opened and she said to Ora, "Where is your mother?" Ora said, "In the bed." Appellant then asked why Mrs. Stephenson had been telling all those lies, and writing to Cincinnati about her? Appellant said, "If you don't apologize to me, you better." Mrs. Stephenson replied that it was all hearsay. Appellant then said, "It was not hearsay in black and white that you wrote to your daughter, and you better apologize to me now." About that time Strongy grabbed her, and a minute or two later the guns went off, and she did not know "whether it was him that pulled the trigger or me." On cross-examination she stated that Strongy was in there when the shots were fired, and she did not remember whether she had a pistol in each hand or not. However, she had a couple of pistols with her and was mad at the old lady for telling lies. She "told her to get out and get down on her knees and apologize." No sooner than she said that Strongy grabbed her. She could not account for the presence of the two bullet holes, one about one inch, and the other about three inches, above the bed.

In rebuttal Mrs. Stephenson testified that Strongy Bell was in there the first shot and then went out on the porch and Ora got him to come back, and that appellant pointed the pistol in the direction of her when it was fired. Ora Stephenson testified in rebuttal that the pistol was fired before Strongy Bell got hold of appellant.

There was further evidence that appellant's moral reputation was bad.

Appellant insists that she was entitled to an instruction under section 1308, Kentucky Statutes, making it a misdemeanor to hold, flourish, or use a deadly weapon in a threatening or boisterous manner. It is true that that offense is included in an indictment under section 1166, and in some circumstances it is error not to instruct thereon. Thus in Crabtree v. Commonwealth, 227 Ky. 65, 11 S. W. (2d) 1000, 1001, Crabtree's defense was that he did not shoot at, or intend to kill, his wife, but shot at a lamp and fired several shots because he was drunk. In holding that he was entitled to an instruction under section 1308, Kentucky Statutes, we said:

> "Since under the given instructions the jury could not have found appellant guilty of a misdemeanor unless he acted in sudden heat and passion, as to which there was no evidence, it results that the failure to instruct under section 1308 was prejudicial error."

Here the situation is different. The court did instruct under section 1242, Kentucky Statutes, making it a misdemeanor in sudden affray, or in sudden heat and passion, without previous malice, to shoot at without wounding another, as to which offense there was evidence. Thus the jury had the right to find appellant guilty of a felony if she fired the pistol willfully and maliciously, or of a misdemeanor if she fired the pistol in sudden affray or in sudden heat and passion, without previous malice, and having found appellant guilty of a felony, and she not having claimed that she did not intend to kill Mrs. Stephenson, but having entered the room with a pistol in each hand, and having demanded that Mrs. Stephenson get down on her knees and apologize, and having fired two shots that barely missed Mrs. Stephenson, we are not disposed to the view that the failure to instruct under section 1308, Kentucky Statutes, was prejudicial error.

Another contention is that the court should have instructed on accidental shooting. It is true that in some instances the accused is entitled to an instruction on accidental and unintentional killing, but we are not aware of any case holding that in a prosecution

for malicious shooting at another without wounding the accused is entitled to an instruction on accidental shooting. If appellant did not fire the pistol, she was entitled to an acquittal, not on the ground of accidental shooting, but on the ground that she did not shoot at another either with or without malice, and her rights were fully protected by the instruction on reasonable doubt.

Instruction No. 3 reads as follows:

"If the jury believe from all the evidence in this case that the defendant has been proven guilty, but shall have a doubt as to the degree of the offense proven, you will give the defendant the benefit of such doubt and find her guilty of the lesser offense as set out in No. 2."

The instruction is assailed on the ground that the words "beyond a reasonable doubt" were omitted from the first part of the instruction. It doubtless is the better practice to incorporate in the instruction presenting the question of reasonable doubt as to the degree of the offense the words "beyond a reasonable doubt." Beaty v. Commonwealth, 140 Ky. 230, 130 S. W. 1107, 1110. But where, as here, the only instructions under which appellant could have been convicted required the jury to believe in her guilt "beyond a reasonable doubt," we are not disposed to the view that the omission of those words from instruction No. 3 was prejudicial error.

On the whole, we find no error in the record prejudicial to appellant's substantial rights.

Judgment affirmed.