[No. 29499. Department One. February 27, 1945.]

THE STATE OF WASHINGTON, *Respondent,* v. VIOLAS E. LOUTHER, *Appellant.*[1]

*George O. Beardsley,* for appellant.

*Charles L. Powell* and *James Leavy,* for respondent.

MILLARD, J.—Defendant was charged by information, as follows, with the crime of assault in the first degree:

[1] Reported in 156 P. (2d) 672.

"That the said VIOLAS E. LOUTHER in the county of BENTON, State of Washington, on the 27th day of July, 1944, did then and there being unlawfully and feloniously, with intent to kill a human being, assault a human being, to-wit: D. J. LeMarr, with a deadly weapon, to-wit: a knife, and did thereby inflict grievous bodily injury upon the body of said D. J. LeMarr, . . ."

The statute (Rem. Rev. Stat., § 2413 [P. C. § 8758]) defines the crime of assault in the first degree as follows:

"Every person who, with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another—
"(1) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; . . . shall be guilty of assault in the first degree . . ."

The crime of assault in the second degree, which is included in the crime of assault in the first degree, is defined by the statute (Rem. Rev. Stat., § 2414 [P. C. § 8759]) as follows:

"Every person who, under circumstances not amounting to assault in the first degree— . . .
"(4) Shall willfully assault another with a weapon or other instrument or thing likely to produce bodily harm;

"Shall be guilty of assault in the second degree . . ."

The trial resulted in a verdict of guilty of assault in the second degree. From the judgment and sentence pronounced against him on the verdict, the defendant appeals.

Appellant, who while in a semi-intoxicated condition seriously wounded the prosecuting witness with a knife, pleaded not guilty and insisted that he acted in self-defense; or, if not, at the time the assault was made he was in such an intoxicated condition he could not have formed an intent to kill the prosecuting witness.

Only one error is assigned. Counsel for appellant argues that the crime which appellant was charged with committing consists of two essential elements: An assault, and a specific felonious intent to kill. It follows, contends counsel for appellant, that the trial court erred in instructing the jury that the element of intent to kill could be inferred

or presumed from the act done even if it did not result in the death of the victim.

By instruction No. 1, the court quoted the charging part of the information and charged the jury that appellant had entered a plea of not guilty, which put in issue every material allegation in the information and imposed upon the state the burden of proving the allegations beyond a reasonable doubt.

Instruction No. 2 charged the jury that the information in itself was merely an accusation made for the purpose of placing the appellant on trial, and was not evidence of appellant's guilt and should not be considered as evidence of any fact required to be proved.

The court quoted in instruction No. 3 the statutory definitions of the crime of assault in the first degree and the crime of assault in the second degree.

Instruction No. 4 reads as follows:

"In order to find the defendant guilty of Assault in the First Degree, as charged in the Information in this case, it is necessary that you shall find from the evidence beyond a reasonable doubt the following essential elements of that offense:

"(1) That the defendant, Violas E. Louther, did assault D. J. LeMarr with a deadly weapon, to-wit: with a knife;

"(2) That such assault was made with the intent to kill the said D. J. LeMarr;

"(3) That said assault occurred on the 27th day of July, 1944;

"(4) That the same occurred in Benton County, State of Washington."

By instruction No. 5, the court charged the jury as follows:

"In order to find the defendant guilty of Assault in the Second Degree, which offense is included within the charge of Assault in the First Degree, it is necessary that you shall find from the evidence beyond a reasonable doubt the following essential elements of the crime of Assault in the Second Degree:

"(1) That the said defendant, Violas E. Louther, did then and there being unlawfully and feloniously, wilfully assault D. J. LeMarr with a knife;

"(2) That said knife was a weapon and instrument likely to produce bodily harm;

"(3) That said events occurred in Benton County, Washington;

"(4) That the same occurred on the 27th day of July, 1944."

Instruction No. 6 reads as follows:

"The term 'unlawfully,' as used in the Information in this case, means just what the word would indicate, that is, without and beyond authority of the law.

" 'Feloniously' means with evil intent and without excuse or justification.

"An assault is an attempt unlawfully to use force or to inflict bodily injury on another, accompanied with the apparent present ability to give effect to the attempt if not prevented.

"You are instructed that a deadly weapon is one the use of which is likely to cause death or great bodily harm, and whether or not an instrument or weapon is a deadly weapon is a matter for the Jury to determine, in a case where such instrument or weapon is involved, from all the facts and circumstances in the case.

"There has been used in these instructions, the expressions 'great personal injury' and 'great bodily harm' and 'great bodily injury'. These terms or expressions are synonymous and mean what the words import; that is, great, not trifling, not slight, but they do not necessarily mean in contemplation of death or any injury that will result in death or might probably cause death.

"You are instructed that 'wilfully', as used in this case, means intentionally and purposely, as distinguished from mere accident or mistake."

Instruction No. 7, of which appellant complains, reads as follows:

"The Court instructs the Jury that the law presumes that every man intends the natural and probable consequences of his own acts. It is not necessary to establish intent by direct and positive evidence, but intent may be established by inference, and in the same way you may determine other facts by taking into consideration the acts of the parties and all the facts and circumstances of the case."

Instructions No. 8 and 9 read as follows:

"INSTRUCTION No. 8. No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his condition but whenever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of his intoxication may be taken into consideration in determining such purpose, motive or intent."

"INSTRUCTION No. 9. In other words, voluntary intoxication furnishes no excuse, justification or extenuation for a crime committed while under its influence, but if the defendant's mental condition at the time of the alleged criminal act is such that he was incapable of having a felonious or criminal intent his act is not a crime at all.

"If, therefore, there is any evidence in this case of voluntary intoxication of the defendant, such fact should be taken into consideration together with all the other facts established by the evidence to determine the existence or non-existence of an intent."

Correct instruction was given respecting justifiable assault of a human being in the lawful defense of the person assaulted.

The jury was charged by a portion of instruction No. 20 that "You must consider and construe all of the instructions of the Court together and not single out or give undue prominence to any single instruction."

Counsel for appellant never requested any instruction as to the included offense of assault in the second degree, but did request that no instruction be given to the effect that one is presumed to intend the natural consequences of his acts, for the reason that intent is one of the essential elements of the crime charged and cannot be presumed, but must be proved. Appellant excepted to instruction No. 7 on the ground that the jury was in effect told that it was not necessary to prove intent when, in fact, intent to kill is one of the essential elements of the offense of assault in the first degree.

The rule that an accused, if sane, is presumed to intend the natural and probable consequences of his own acts is a general one. The presumption does not extend to

all possible consequences. Where, as in the case at bar, the intent which is an element of the crime relates to a greater crime than that accomplished, the intent is not presumed from the act done. An assault in the first degree is a crime which consists of an act combined with a specific intent, hence the intent is just as much an element of the crime as is the act of assault. The applicable rule is that, where a specific intent is an element of a crime, the specific intent must be proved as an independent fact and cannot be presumed from the commission of the unlawful act. 22 C. J. S. 91; *State v. Davis,* 72 Wash. 261, 130 Pac. 95.

The court correctly charged the jury by instruction No. 4, quoted above, that it was necessary for the state to prove beyond a reasonable doubt the essential elements—the assault and the intent to kill—of the crime of assault in the first degree. In other instructions, the jury was charged that appellant was presumed to be innocent until proved guilty beyond a reasonable doubt. The jury was amply instructed that, to convict of the crime of first-degree assault, the state must prove beyond a reasonable doubt, among other things, that appellant made the assault with intent to kill the prosecuting witness.

As the lesser crime of second-degree assault was included in the charge of first-degree assault against appellant, it was not only proper but also the duty of the court to instruct the jury as to such lesser degree; and if, after consideration of all of the evidence, the jury entertained a reasonable doubt as to which of the two degrees the appellant was guilty, the jury could convict of the lower degree only and of which the jury had no reasonable doubt of guilt. Mindful of that duty, the court properly charged the duty by instruction No. 5 quoted above.

That instruction No. 5 is correct, appellant does not deny. The crime, assault in the second degree, of which appellant was convicted and which was included in the greater offense of assault in the first degree, is one in which we understand counsel for appellant concedes—correctly so—it would not be error to instruct the jury that the law presumes that every man intends the natural and probable

consequences of his own acts, as the jury was charged by instruction No. 7.

■ Instruction No. 7 was not erroneous. Two charges were involved: Assault in the first degree and the included offense of assault in the second degree. The court, as was its duty, correctly instructed the jury as to each offense and admonished the jury by instruction No. 20 to consider the instructions as a whole and not single out or give undue prominence to any single instruction. Counsel for appellant could have requested the court to charge the jury that the presumption was restricted to the lesser offense, but he did not do so.

*State v. Dolan,* 17 Wash. 499, 50 Pac. 472, upon which appellant relies, is distinguishable from the case at bar. The erroneous instruction in the case cited charged the jury not only that one was presumed to intend the natural and probable consequences of his acts, but that, if one shot another and the natural and probable consequence of that act is death, intent to kill is presumed. That instruction, coupled with the fact of admitted discharge of a gun, in effect directed a verdict of guilty, and the jury in that case returned a verdict of guilty of the crime of assault in the first degree. In the case at bar, appellant was found guilty of the lesser offense of assault in the second degree.

Appellant also relies upon *State v. Davis,* 72 Wash. 261, 130 Pac. 95, where the jury was instructed:

" 'You are further instructed that every man is presumed to intend the usual, ordinary and natural results of his voluntary acts, even though there be no direct or positive proof of such intention.

" 'Therefore if you shall believe from the evidence beyond a reasonable doubt that the defendant, Elbert Davis, in the county of Snohomish, state of Washington, at or about the time alleged, inflicted the harm upon the said Elmer Moss which has been testified to, then you have a right to presume that the defendant intended to do so; and if you shall believe from the evidence beyond a reasonable doubt that the usual, ordinary and natural result of the defendant's voluntary acts would likely result in death, then you have a right, if consistent with all the testimony in this case, to infer that he intended to cause death.' "

The foregoing instruction goes far beyond instruction No. 7 in the case at bar, in that it erroneously charged "that the jury might infer from the mere assault and the infliction of the wound that the defendant intended to kill the prosecuting witness, because death was not the consequence of the act." In other words, the jury was instructed that intent to kill may be proved by reliance upon a presumption arising from infliction of a wound. The instruction of which appellant complains in the case at bar is not susceptible to such interpretation. The vice of the instruction in *State v. Davis, supra*, is that the jury was informed that intent to kill may be implied from the use of a deadly weapon and the infliction of a wound. Instruction No. 7 in the case at bar may not reasonably be so construed.

Appellant has no cause for complaint. His exception, if he was apprehensive as to the jury's probable verdict in this character of case, should have been in the form of a request to limit the instruction to one offense, the crime of assault in the second degree, as to which the instruction was proper. The jury could not have been misled.

The judgment is affirmed.

BEALS, C. J., STEINERT, JEFFERS, and GRADY, JJ., concur.

April 10, 1945. Petition for rehearing denied.