179 P.2d 1001

### STATE v. JONES.

No. 4981.

Supreme Court of New Mexico.

March 20, 1947.

Rehearing Denied April 26, 1947.

O. O. Askren, of Roswell, and Neil B. Watson, of Artesia, for appellant.

C. C. McCulloh, Atty. Gen., and Wm. R. Federici, Asst. Atty. Gen., for appellee.

BRICE, Chief Justice.

This is an appeal from a judgment sentencing the defendant to serve a term in the state penitentiary upon conviction of the crime of murder.

It is first asserted that:

"The Court erred, while Morris J. Allen, the main eye witness for the State was being examined by the District Attorney, in overruling the objection made by counsel for the defense as follows:

"Mr. Askren: I object to the counsel for the State interrogating this witness from a blackboard, indicating places upon the map, because it cannot be made a permanent record. It should be made on some plat that could be filed as an exhibit in the case and the witness examined from that."

As stated by appellant, it appears that the district attorney "stood before the jury with a blackboard, and had the main (State's) witness indicate with a piece of chalk upon the blackboard the immovable

objects at the scene of the homicide and indicate with letters where the parties were at the time of the fatal difficulty."

■ The blackboard plat was not introduced in evidence and if it had been it could not have been made a part of the record for review in this court. It is generally held that permission to use a blackboard to illustrate the testimony of a witness rests in the sound discretion of the trial court. State v. Sibert, 113 W. Va. 717, 169 S.E. 410; Cincinnati St. R. Co. v. Waterman, 50 Ohio App. 380, 198 N.E. 494. But this practice cannot be commended. State v. Cottrell, 56 Wash. 543, 106 P. 179; Anderson v. Commonwealth, 205 Ky. 369, 265 S.W. 824; Lancaster Hotel Co. v. Commonwealth, 149 Ky. 443, 149 S.W. 942.

■ The witness could just as conveniently have illustrated his testimony on paper, a copy of which could have been inserted in the bill of exceptions. If the action of the trial court prevented the making of a complete record for review so that the defendant was injured thereby, it was an abuse of discretion.

■ The district attorney, however, sensing the danger of error, placed the witness on the stand a second time and had him make the same illustrations of his testimony on paper, which was introduced in evidence. We are of the opinion that the appellant was not injured because of the use of the blackboard. In fact we are able to understand the situation of the parties and the objects described on the plat sufficiently, as no question of fact is involved.

The appellant states: "The Court erred, while Davis H. Merchant, a character witness for the defendant, was testifying and after he was interrogated as to whether or not he knew the defendant in Hot Springs, New Mexico, whereupon the Court interrupted by saying: 'Wait a moment. When was he there at Hot Springs?', and Askren thereupon replied: 'Thank you, Judge, I will find that out.' 'When did you live in Hot Springs?', and the answer was: 'From March 1937 to March, 1938.' and the next question: 'Did you know the defendant?' And the Court said: 'Just a minute; the jury may retire.' It being the contention under this point that the Court should not have belittled before the jury the proof of the defendant 'that his character was good seven or eight years prior to the time of the homicide."

■ We fail to discover in the statement of the court any language injurious to the appellant or that "belittled" the testimony of the witness Merchant. The trial court evidently was doubtful of the admissibility of the proffered testimony, and heard argument in the absence of the jury. The district attorney agreed that the testimony should be admitted, and the trial court admitted it. The assignment is without merit.

The appellant asserts that the trial court erred in refusing to give to the jury the

following tendered instruction: "I charge you that, in weighing the evidence, if you should find beyond a reasonable doubt the defendant guilty of some degree, and are in doubt as to whether it is a higher or lesser degree, you should give the defendant the benefit of the doubt and convict him on the lesser degree than a higher degree."

In regard to this requested instruction appellee states: "There is a conflict of authority, outside this jurisdiction, as to whether there is error in refusing to grant an instruction such as the one tendered by appellant in this case. See McAfee v. United States, 70 App.D.C. 142, 105 F.2d 21, at page 31; and annotations in 20 A.L.R. 1258. However, in this jurisdiction, the rule is that where a court has given a correct general instruction as to reasonable doubt, repeating that instruction in dealing with each element of the case is unnecessary and a refusal of an additional instruction on the subject is not error. State v. Burrus, 38 N.M. 462, 35 P.2d 285; State v. Roybal, 33 N.M. 187, 262 P. 929."

There is no question but that the great weight of authority favors the giving of the instruction in question. See McAfee v. United States, 70 App.D.C. 142, 105 F.2d 21, authorities therein cited and annotations in 20 A.L.R. at page 1258 et seq. This question was before the Texas Court of Criminal Appeals in Richardson v. State, 91 Tex.Cr.R. 318, 239 S.W. 218, 224, 20 A.L.R. 1249. On rehearing that court stated:

"We have reached the conclusion that we were in error in holding that the law of reasonable doubt as charged by the court as applicable to the question of guilt cured the failure to charge upon the same subject as between degrees. The jury might entertain no reasonable doubt as to the guilt of one upon trial, and yet be confused in reaching a conclusion as to the degree of the offense. The omission in the charge having been directed to the court's attention in a timely manner, the same should have been supplied.".

Regarding the necessity for this instruction, it was said in McAfee v. United States, supra [70 App.D.C. 142, 105 F.2d 31]:

"It is thought that the jury, unless the reasonable doubt requirement is made specifically applicable to doubt as to the degree of the crime, may in confusion find the defendant guilty of a degree as to the existence of which they did have a reasonable doubt."

"But the weight of authority supports the view that in such circumstances the court should tell the jury that in case they have a reasonable doubt from the evidence between two degrees they should convict of the lower only, and that it is not sufficient for the court to charge generally that the guilt of the defendant must be proved beyond a reasonable doubt." 1 Reid's Branson Instructions to Juries, Sec. 57.

The cases of State v. Burrus and State v. Roybal, supra, cited by the appellees are not in point. The question here is regarding a reasonable doubt as between degrees of an offense. We do not find that this question has ever been raised before in this court.

Our attention is called to the fact that after the charge on murder in the first degree was given, the court instructed the jury as follows:

"If, * * * you entertain a reasonable doubt as to the truth of any one or more or all of the material allegations of the Information, under the charge of murder in the first degree, then you should find the defendant not guilty under said charge.

" * * * If you do not believe that the defendant shot, wounded and killed the said Edwin Hays under such circumstances as to constitute the crime of murder in the first degree, as already explained to you, or if you entertain a reasonable doubt from the evidence as to whether he did so, then you may consider whether the defendant is guilty of murder in the second degree."

And at the end of the instructions on murder in the second degree the following appears:

" * * * If, you entertain a reasonable doubt as to the truth of any one or more, or all the material allegations of the Information under the charge of murder in the

second degree, then you should find the defendant not guilty under said charge."

\* \* \* \* \* \*

"If you do not believe that the defendant shot, wounded and killed the said Edwin Hays under such circumstances as to constitute the crime of murder in the first or second degree, as already explained to you, or if you entertain a reasonable doubt from the evidence as to whether he did so, then you may consider whether the defendant is guilty of voluntary manslaughter."

At the end of the instruction on manslaughter the court gave the following instruction: " * * * If, * * * you entertain a reasonable doubt as to the truth of any one or more or all of the material allegations of the Information under the charge of voluntary manslaughter, then you should find the defendant not guilty under such charge."

While it is not probable that a mistake would be made because of the failure to give the requested instruction, yet, as the Texas court (Richardson v. State, supra) said: "The jury might entertain no reasonable doubt as to the guilt of one upon trial, and yet be confused in reaching a conclusion as to the degree of the offense."

If there was a confusion in the minds of the jury as to whether the killing was premeditated, and they were satisfied he was guilty of either first or second-degree

murder, then such an instruction would clarify the situation for them and give the defendant the benefit of the doubt as between the two degrees; and the same may be said regarding second-degree murder and manslaughter.

The states of Indiana and Iowa have statutes which provide that such an instruction must be given. Two jurisdictions have held that it is unnecessary to give it, State v. May, 172 Mo. 630, 72 S.W. 918; Miller v. State, 139 Wis. 57, 119 N.W. 850. As the requested instruction is legally correct, and we have found no case which holds that it is not, we will follow the majority rule.

For the error in failing to give to the jury the requested instruction, the case must be reversed, and a new trial granted.

It is so ordered.

LUJAN, SADLER, and McGHEE, JJ., concur.

On Motion for Rehearing

BRICE, Chief Justice.

On motion for rehearing the Attorney General argues quite persuasively, citing much authority, that the tendered and requested instruction is erroneous, in that it failed to place before the word "doubt" in the portion of the instruction quoted in our original opinion, the word "reasonable." As ably argued by the State, the instruction should have read, "and are in reasonable doubt as to whether it is a higher or lesser degree, etc., then the defendant should be given the benefit of such doubt and convicted of a lesser degree only." The opinion as written states: "For the error in failing to give to the jury the requested instruction, the case must be reversed, and a new trial granted."

We are satisfied that the State's contention is correct, and that the tendered instruction was lacking in the particular stated above. McAffee v. United States, 70 App.D.C. 142, 105 F.2d 21; Shelton v. Commonwealth, 145 Ky. 543, 140 S.W. 670; Sewell v. Commonwealth (Ky.), 284 Ky. 183, 144 S.W.2d 223; Stephenson v. Commonwealth, 264 Ky. 390, 94 S.W.2d 1002; Hanners v. State, 104 Tex.Cr. 442, 284 S. W. 554; Sparks v. State, 108 Tex.Cr. 367, 300 S.W. 938; Richardson v. State, 91 Tex. Cr. 318, 239 S.W. 218, 20 A.L.R. 1249; Miller v. State, 139 Wis. 57, 119 N.W. 850; State v. Louther, 22 Wash.2d 497, 156 P. 2d 672; State v. May, 172 Mo. 630, 72 S. W. 918; 53 A.J. "Trial" Sec. 758; 23 C.J. S., Criminal Law, § 1289.

However, the tendered instruction sufficiently called to the trial court's attention the fact that a correct instruction should have been given. In State v. Williams, 39 N.M. 165, 42 P.2d 1111, 1112, and State v. Mitchell, 43 N.M. 138, 87 P.2d 432, this question was before the court. As indicated in the Williams case, "We are not

prepared to embrace * * * in any wholesale manner" the doctrine that a tendered instruction, though refused properly because in some respects it is incorrect, may still serve to put the Court in error for an omission in the instructions given, or to be given. Nevertheless, yielding to the higher consideration of justice, we stated: "It is essential to the orderly and effective administration of criminal justice that counsel for the accused assist the court in avoiding error. But rules of this kind must be consistent with and sometimes give way to the higher consideration of justice. Cf. Pettine v. Territory of New Mexico, 8 Cir., 201 F. 489, reversing Territory v. Pettine, 16 N.M. 40, 113 P. 843, quoted approvingly in State v. Houston, 33 N.M. 259, 263 P. 754. In this particular case, we feel that the ends of justice require a new trial, wherein the jury may have the opportunity to view appellant as the assailed, rather than the assailant, and to test what he did by the law governing persons in great peril in situations not of their own making."

Inasmuch as the defendant was convicted of murder in a case where it was open to the jury to convict him of manslaughter if a proper instruction had been given, the rule of the cases last cited should be applied. We are of the opinion that the ends of justice require a new trial so that the jury may be correctly instructed on this vital question. In the recent case of State v. Young, 51 N.M. 77, 178 P.2d 592, 596, the doctrine of the cited cases was invoked.

We said: "We need not decide this question, as we are of the opinion that there was no evidence which authorized the trial court to submit to the jury the issue of manslaughter."

While counsel for defendant (inadvertently no doubt) failed in the particular stated to tender a correct instruction, the trial court could not have been in doubt as to the intention of counsel in presenting the defective instruction. It should have given a correct one. While the defendant is not, strictly speaking, entitled to a reversal, the ends of justice require it.

We adhere to the conclusion reached in our original opinion as to the disposition of the case.

SADLER and McGHEE, JJ., concur.

LUJAN and COMPTON, JJ., did not participate.