230 P.2d 241

**STATE v. LILLY.**

No. 5353.

Supreme Court of New Mexico.

April 9, 1951.

G. T. Watts, Roswell, for appellant.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

SADLER, Justice.

The defendant was convicted of voluntary manslaughter and sentenced to a term in the state penitentiary. The deceased was her husband and she seeks a review of the judgment of conviction, assigning as the single ground of error the giving by the trial court of the following instruction to the jury, to-wit: "The law of self-defense does not imply the right of attack in the first instance. Therefore, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant sought or brought on a difficulty with the deceased at the time of the shooting, or if you believe from the evidence beyond a reasonable doubt, that she shot and killed at a time when she had no reasonable cause to apprehend the approach of immediate injuries to herself, then the defendant can not avail herself of the law of self-defense and you cannot acquit on that ground."

The defendant's objection to said instruction was as follows: "Now comes the defendant and excepts to the Court in giving its Instruction No. 17 for the reason that said instruction sets forth that the law of self-defense does not imply the right of attack in the first instance; that said instruction was improper to have been given in this cause because there is no evidence in the record which would even infer that the defendant in this case was the aggressor at the time of the fatal shooting, that there is no evidence in the record to even indicate or infer that the defendant sought or brought on any difficulty with the deceased at the time of the shooting, and to give such instruction to the jury without any evidence in the record to justify the giving of same would be improper and would tend to prejudice the jury as against the defendant, in that all of the evidence in this case shows that the deceased was the aggressor, that there had been no argument between the deceased and the defendant previous to the fatal difficulty, and that immediately prior to the difficulty it is shown by all of the evidence that the deceased came from behind the bar and assaulted or attempted to assault the defendant and others which led up to and was the cause of the shooting, and there is no evidence in the record to sustain the giving of said instruction, and to give the same is prejudicial to this defendant."

It is first urged upon us by counsel for the state that the defendant's objection below did not point out to the trial court the defect which it is said renders the instruction bad. In other words, the Attorney General says the ground of objection there made was that the evidence did not warrant an instruction on the subject embodied in it; not that it incorrectly stated the law in failing to define and explain the character of the acts of an aggressor which would suspend his right

of self-defense or deprive him of such right.

The position of defendant and the contention she here makes regarding the questioned instruction is disclosed by the following matter taken from her brief, to-wit:

"We challenge the correct statement of the law as laid down in this instruction in that we do not believe the law to be that where the defendant 'sought or brought on' a difficulty with the deceased at the time of the shooting, she cannot avail herself of the law of self-defense.

"The law is laid down in Warren on Homicide, Vol. 4, Section 338, Page 252 as follows:

" 'The court, in charging that one provoking a difficulty or bringing on an affray may not rely on self-defense, should define and explain the character of the acts which would suspend the right of self-defense or deprive the defendant of such right. * * *

" 'An instruction is improper if it deprives the defendant of his right of self-defense simply because he entered the difficulty voluntarily. An instruction that the jury should not acquit if it finds that the defendant entered the difficulty voluntarily, is too broad.' "

Among other authorities relied upon by defendant in support of the position taken are State v. Williams, 337 Mo. 884, 87 S.W.2d 175, 100 A.L.R. 1503, and Bearden v. State, 46 Tex.Cr.Rep. 144, 79 S.W. 37. On the other hand, the Attorney General cites Territory v. Gonzales, 11 N.M. 301, 68 P. 925; Territory v. Clark, 15 N.M. 35, 99 P. 697, and State v. Pruett, 24 N. M. 68, 172 P. 1044, to which we may add Territory v. Price, 14 N.M. 262, 91 P. 733, and argues that to the extent any of the decisions relied upon by defendant may support his position, they are simply contrary to our own decisions on the subject cited by him, supra.

We find it unnecessary to enter upon an extended analysis of our decisions as compared with those of other states cited by defendant. It is perhaps proper to suggest, nevertheless, that there is no occasion to take a chance on the correctness of an instruction on this phase of self-defense when an approved one on the subject is to be found in our opinion in State v. Pruett, supra.

It seems obvious that in making the objection he did to the questioned instruction, counsel for defendant did not have in mind the defect which he now claims renders it bad. If he did, it was so imperfectly stated as not to have been made known to the trial court. Accordingly, the objection now presented can not be made the basis of a reversal here. State v. Ascarate, 21 N.M. 191, 153 P. 1036; State v. Starr, 24 N.M. 180, 173 P. 674; State

v. Roybal, 33 N.M. 187, 262 P. 929; State v. Richardson, 48 N.M. 544, 154 P.2d 224.

Finding no error the judgment of the trial court will be affirmed.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

COORS, J., being absent, did not participate.