**UNITED STATES, Appellee,**

v.

**Private First Class Edward K. MITCHELL, Jr., SSN 334–54–2264, United States Army, Appellant.**

**CM 441215.**

U. S. Army Court of Military Review.

24 Feb. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Gary D. Gray, JAGC, and Major James F. Nagle, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain James C. Underhill, JAGC, were on the pleadings for appellee.

Before MITCHELL, MILLER and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

The primary issue in this case is the degree of a father's criminal liability for the unintentional killing of his infant daughter. We are asked to decide whether the evidence is legally sufficient to sustain the conviction of involuntary manslaughter instead of only the lesser included offense of negligent homicide to which the accused pled guilty.[1] We find it is and affirm.

Involuntary manslaughter as defined by Article 119(b)(1) of the Uniform Code of Military Justice, 10 U.S.C. § 919 (1976), is the killing of a human being by culpable negligence unaccompanied by an intent to kill or to inflict great bodily harm.

The Manual for Courts-Martial, United States, 1969 (Revised edition) (MCM 1969 (Rev)), in paragraph 198b, defines culpable negligence as:

---

1. Appellant was convicted, contrary to his plea, of involuntary manslaughter, in violation of Article 119, Uniform Code of Military Justice (UCMJ). He had pled guilty to negligent homicide, Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for twenty months, forfeiture of $300.00 pay per month for twenty months and reduction to Private E–1. The convening authority approved the sentence adjudged.

[A] degree of carelessness greater than simple negligence. It is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of that act or omission.

The United States Court of Military Appeals said:

[R]eckless or wanton, showing a disregard of human safety, is another way of defining the term. It is higher in magnitude than simple inadvertence, but falls short of intentional wrong. *United States v. Riggleman*, 1 U.S.C.M.A. 336, 339, 3 C.M.R. 70 (1952). *See also United States v. Vaughn*, 23 U.S.C.M.A. 343, 49 C.M.R. 747 (1975).

By contrast, negligent homicide is an unlawful homicide which is the result of simple negligence. Paragraph 213*f*(12), MCM 1969 (Rev). Simple negligence is defined as the absence of due care. It is an act or omission of a person who is under a duty to use due care which exhibits the lack of that degree of care for the safety of others which a reasonably prudent man would have exercised under the circumstances. *United States v. Bryan*, 19 U.S.C.M.A. 184, 41 C.M.R. 184 (1970).

The facts are virtually undisputed. Suffice it to say that the accused beat his four-month old daughter to death because she would not stop crying while he was changing her diaper. Dr. Schewe, a professor of forensic medicine who performed the autopsy, testified that the baby died of a brain hemorrage evidenced by two fractures of the skull. He believed she had been struck at least twice, and perhaps as many as four times, by a hard object. He found it unlikely that the injuries could have been inflicted by a blow from a person's fist or hand.   ·

Dr. Koch, a pediatrician who examined the victim when she first arrived at the hospital, testified that the unconscious infant had sustained injuries to the head, bruises on her left temple, neck, jaw and cheeks as well as all over the rest of her body.

Appellant told CID Special Agent Houser that he had been suffering heroin withdrawal symptoms and had beaten his daughter when she started crying while he was changing her diaper. He angrily struck her several times in the head with his fist. He admitted that he may have broken her ribs on a prior occasion, and that he struck her in anger on still another occasion.

Before us on appeal, appellant argues that his actions in beating his four-month old daughter to death because she was crying constituted no more than "simple negligence" and, therefore, negligent homicide to which he pled guilty. His action fails, he insists, to rise to the level of involuntary manslaughter because: First, he was not involved in an inherently dangerous endeavor. Changing a child's diaper is an everyday parental task and does not have tragic foreseeable consequences such as a reckless operation of a car. Second, his negligence occurred when he attempted this parental task during his period of heroin withdrawal; "a time when even the most even-tempered individuals [are rendered] susceptible to fits of uncontrollable rage disproportionate to the cause." Further, "once engaged in such a task, however, his instantaneous angered striking of the child does not rise to the level of involuntary manslaughter."

Appellant's proposition collapses under its own weight of remoteness from reason. His characterization that his child's death was caused by "simple negligence" could conceivably and understandably raise the hackles on the neck of the assaulted corpus of prevailing homicidal law. We prefer to consider the facts and let the characterizations suggest themselves. Logic, history, customs, utility and the accepted standards of right conduct are the forces which singly or in combination shape the progress of the law.[2] Appellant's argument fails on all counts because it misperceives the nature of his actions.

---

2. Cardoza, Benjamin N., The Nature of Judicial Process, (New Haven: Yale University Press, 1921), p. 112.

**1018**

Changing the diaper did not kill the child. The brutal act of striking it to stop the crying was the very act which appellant (over six feet tall and weighing more than 200 pounds) committed in a culpably negligent manner and was inherently dangerous in view of the baby's tender age. We find it culpably negligent because he struck the baby repeatedly and with sufficient force to fracture its skull and cause a fatal hemorrage in the brain. Upon this point a page of human experience is worth a volume of legal philosophy.

Thus, there is sufficient evidence to sustain the military judge's finding that appellant killed the infant by culpable negligence.

Seeking clemency, appellant asks us to disapprove the punitive discharge. He cites his prior record, his willingness to testify against drug dealers with whom he has dealt and the trial judge's recommendation of suspension. Notwithstanding, the enormity of his crime clearly overwhelms his proffered credits in extenuation and mitigation. Furthermore, in view of the adjudged sentence, particularly the confinement portion, it is apparent that those credits were adequately weighed at trial.

The findings of guilty and the sentence are affirmed.

Judge MILLER and Judge LEWIS concur.