**UNITED STATES**

v.

**Jimmie L. BANKS Jr., 253–13–0893**
**Boatswain's Mate Seaman**
**(E–3), U.S. Navy.**

**NMCM 92 00657.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 10 Feb. 1992.

Decided 22 Oct. 1993.

Col John R. Roe, USMCR, Appellate Defense Counsel.

Maj. G.S. Warner, USMC, Appellate Defense Counsel.

LT E. Henriques, JAGC, USNR, Appellate Government Counsel.

Before REED, Senior Judge and LAWRENCE and DeCICCO, JJ.

DeCICCO, Judge:

The main issue in this case is whether the military judge erred in accepting appellant's guilty pleas. We conclude that he did not.

Appellant was convicted, following his pleas of guilty, by a special court-martial of violations of Articles 108 and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 908 and 928. These charges alleged that he negligently damaged his apartment in Navy housing by fire and, through culpable negligence, unlawfully injured a child under the age of sixteen by causing a fire that resulted in the child suffering smoke inhalation. After the prosecution elected not to go forward on the remaining charge, appellant was found not guilty of violating Article 92, UCMJ, 10 U.S.C. § 892, an allegation that he had violated a lawful general regulation by wrongfully wrapping a towel around a fire alarm apparatus. The military judge sentenced him to be reduced to pay grade E–1, to forfeit $360.00 pay per month for 5 months, to be confined for 2 months, and to be discharged with a bad-conduct discharge. The convening authority approved the sentence and, pursuant to the pretrial agreement, suspended confinement in excess of 31 days. Appellant has raised four assignments of error before this Court.[1]

---

1. I. APPELLANT'S PLEAS OF GUILTY TO SPECIFICATIONS ALLEGING NEGLIGENT DESTRUCTION OF MILITARY PROPERTY AND ASSAULT BY CULPABLE NEGLIGENCE ON HIS ONE YEAR–OLD SON WERE IMPROVIDENT.

II. A NONSUSPENDED BAD CONDUCT DISCHARGE IS AN INAPPROPRIATELY SEVERE PUNISHMENT IN APPELLANT'S CASE.

Appellant argues that his guilty pleas were not provident. He states that the providence inquiry conducted by the military judge pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), failed to establish that his actions caused the fire. Additionally, regarding the assault charge, he argues that the facts elicited do not establish that he was culpably negligent in assaulting the child, his one-year old son. The Government counters that the appellant's actions and omissions proximately caused the fire and that his negligence amounted to culpable negligence because of his culpable disregard for his son's safety. The *Care* inquiry and the stipulation of fact attached to the pretrial agreement disclose the following facts.[2]

Appellant and his family resided in Government housing known as Nanaban Tower aboard the naval installation in Yokosuka, Japan. The Japanese built and owned the apartment building where they resided but had given it to the U.S. Navy to use. Record at 15–16. Appellant stated he was satisfied that the building was military property and was intended for the use of the U.S. Navy. Record at 16.

Unfortunately, appellant was an alcoholic. Record at 40. His alcoholism was involved in two of his three nonjudicial punishments (each for drunk driving) during 1991. On the morning of 24 November 1991, appellant was at home with his son. No one else was with them. While watching his son, appellant consumed two large mixed drinks that contained gin. In his own words, "a large amount of alcohol was in both of those drinks." Record at 21.

At this time, appellant also decided to heat some food in an uncovered pot on the top of his electric range. After turning on the stove, he went into the living room to lie down on the couch and began to watch television. His son was lying on a futon next to him. Appellant told the military judge that he then fell asleep on the couch because of his alcohol consumption and would not have done so had he not been drinking. Record at 25–26.

The stipulation of fact indicates that appellant's wife had wrapped a towel around the "fire alarm" in the apartment out of frustration because one day the alarm was being tested and she was trying to put the children to bed. Although appellant knew of this, he "never paid attention to it [the alarm]" and it "just never dawned" on him to remove the towel. Stipulation at 2. Significantly, the stipulation also indicates that appellant's unattended cooking had caused two prior kitchen fires during 1990.

After falling asleep next to his son, the next thing appellant recalled was a fireman waking him up. This fireman found appellant on the couch and succeeded in awakening him only after repeatedly shaking him. Another fireman had already taken appellant's son to safety after finding the child crying on the floor near the couch. There was a layer of smoke approximately two and a half to three feet from the floor and the smoke in the apartment was near the "flashover" point.

After arrival at the Naval hospital, medical personnel diagnosed appellant's son as suffering from smoke inhalation. He was ad-

III. THE COURT MARTIAL HAD NO JURISDICTION BECAUSE THE MILITARY JUDGE'S LACK OF A FIXED TERM OF OFFICE LEFT THE MILITARY JUDGE INSUFFICIENTLY INDEPENDENT TO SATISFY THE FIFTH AMENDMENT'S DUE PROCESS CLAUSE. BECAUSE THE ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A *KNOWING* WAIVER OF APPELLANT'S RIGHT TO AN INDEPENDENT MILITARY JUDGE, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATION AND FOOTNOTE OMITTED.)
IV. THE COURT–MARTIAL LACKED JURISDICTION BECAUSE APPELLANT'S MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CON-

STITUTION. BECAUSE THIS ERROR IS JURISDICTIONAL, THE ISSUE IS NOT WAIVED EVEN THOUGH IT WAS NOT RAISED AT TRIAL. (CITATIONS AND FOOTNOTE OMITTED.)

2. Although the military judge considered the stipulation of fact for sentencing purposes only, it contains significant facts pertaining to the providence of appellant's guilty pleas. If a claim of error on appeal to this Court is based on omissions in a *Care* inquiry, we may examine the entire record, stipulations included, to ascertain whether the accused was adequately advised and his admissions reasonably support the conclusion that the plea is factually adequate. *United States v. Newsome*, 35 M.J. 749 (N.M.C.M.R.1992).

mitted for observation and released the next day. After about an hour at the hospital, blood was drawn from the appellant that resulted in a blood alcohol reading of .127. Record at 21.

Six color photographs attached as enclosures to the stipulation of fact depict a burned stove and overhead exhaust vent, burned flooring directly in front of the stove and extensive smoke damage to the apartment. Appellant admitted to the military judge that the amount of the damage was $1,824.10.

■ We find that the military judge properly accepted appellant's guilty plea to the charge under Article 108, UCMJ. This article requires that the military judge determine that the damage to military property was the result of appellant's negligence. Manual for Courts–Martial (M.C.M.), United States, 1984, ¶ 32. As the Government correctly points out in its brief, appellant stated that he started a "cooking fire" on the stove and that the fire broke out in the kitchen. It burned only the stove and the immediate area around it. Record at 15, 16. Additionally, the military judge asked the appellant: "I take it from this fire that started on the stove there was some smoke?" Appellant answered affirmatively. Record at 19. Finally, our review of the photographs attached to the stipulation leave no doubt as to the cause of the fire. The top and front of the stove and the pot on the front burner are extensively charred. We can only conclude that the cause of the fire was appellant's inattention in heating some food on the stove. His guilty plea to negligently damaging military property was therefore provident.

Appellant also argues that his guilty plea to negligently assaulting his son was not provident. During the *Care* inquiry, the military judge questioned whether appellant's conduct amounted to culpable negligence or only simple negligence. He defined culpable negligence for the appellant twice. Record at 20, 23. When he did so, the military judge said:

> Culpable negligence is a degree of carelessness greater than simple negligence. Simple negligence is the absence of due care. The law requires everyone at all times to demonstrate the care for the safety of others with—that a reasonable careful person would have demonstrated under the same or similar circumstances. All right. That's what due care means. Culpable negligence on the other hand, is a negligent act or failure to act accompanied by a gross, reckless, wanton or deliberate disregard for the foreseeable results to others instead of merely a failure to use due care.

Record at 20. He also gave this definition to the appellant at a later time in the proceedings following a weekend recess. Record at 23. Appellant said he understood the definition and admitted that his conduct amounted to culpable negligence. Record at 20, 22.

■ For criminal battery, as for manslaughter, more is required than the ordinary negligence sufficient to support a civil action in tort law. *United States v. Redding*, 14 U.S.C.M.A. 242, 34 C.M.R. 22 (1963); Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 157 (3d ed. 1982). The rule is the same for battery and for manslaughter, "since manslaughter is simply a battery that causes death." *Commonwealth v. Welansky*, 316 Mass. 383, 406, 55 N.E.2d 902, 912 (1944). It has also been stated:

> There is no counterpart in the criminal law for the tort of negligence. However, if the contact was the result of recklessness or criminal negligence, most jurisdictions will treat it as a criminal battery.

> Therefore, a criminal battery is committed, in accordance with the prevailing view, if the defendant intended to cause the contact or if the contact was the result of his recklessness or criminal negligence.... Of course, there is no criminal battery (or involuntary manslaughter) if the injury (or death) was the result of ordinary negligence or accident....

Charles Torcia, *Wharton's Criminal Law* 296 (14th ed. 1979). The actor need not actually intend or foresee certain consequences; it is only necessary that a reasonable person in such circumstances would have realized the substantial and unjustified danger created by his act. *United States v. Baker*, 24 M.J. 354, 356 (C.M.A.1987).

■ While various writers describe this higher degree of negligence as "criminal negligence," the Manual for Courts–Martial refers to it as "culpable negligence." In military law, this degree of negligence will support a conviction for either involuntary manslaughter or assault or assault consummated by a battery as lesser included offenses. The Manual defines culpable negligence as "a degree of carelessness greater than simple negligence. It is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of that act or omission." M.C.M., ¶ 44d(2)(a). The U.S. Court of Military Appeals has defined culpable negligence as a reckless or wanton act, showing a disregard of human safety. It is higher in magnitude than simple inadvertence, but falls short of intentional wrong. *United States v. Riggleman,* 1 C.M.A. 336, 3 C.M.R. 70 (1952); *see also, United States v. Mitchell,* 12 M.J. 1015 (A.C.M.R.1982), *petition denied,* 14 M.J. 215 (C.M.A.1982).

■ In order for appellant's guilty plea to be provident, there must be a sufficient factual basis to establish that he was culpably negligent. Based on all the circumstances of this case, we find that there was such a factual basis. Appellant, who had twice caused cooking fires in his apartment and had been punished twice for prior alcohol related incidents in the past year, had the responsibility for properly caring for his one-year-old son. Instead of doing so, he consumed a large amount of alcohol, became intoxicated, turned on the stove to heat some food and then fell asleep from his alcohol consumption. As the food continued to cook and eventually burn and smoke, there was no way appellant could have been warned of the danger due to the disabling of the fire alarm which he neglected to correct. There was also no way appellant's infant son could have adequately cared for himself. Due to his young age, he was at the mercy of appellant's acts and omissions. Given the fact of the prior fires, appellant's problems with alcohol and the responsibility he had in caring for his son, it is reasonable to find culpable negligence and that he acted in a reckless and wanton manner. *United States v. Brown,* 26 M.J. 148, 150 (C.M.A.1988).

■ The remaining assignments of error also lack merit. *United States v. Graf,* 35 M.J. 450 (C.M.A.1992); *United States v. Weiss,* 36 M.J. 224 (C.M.A.1992), *cert. granted,* — U.S. —, 113 S.Ct. 2412, 124 L.Ed.2d 635 (1993). In light of the severity of the offenses and appellant's prior record, we find that an unsuspended bad-conduct discharge is an appropriate part of his sentence.

Accordingly, the findings and sentence, as approved on review below, are affirmed.

Senior Judge REED and Judge LAWRENCE concur.